**STATE OF RHODE ISLAND**                    **SUPERIOR COURT**
**PROVIDENCE, SC**

**JUAN VALDERA**
**SOBIEIDA VALDERA**
**BAHIJ BOUTROS**

       **Vs**

**PHH MORTGAGE CORPORATION**
**DEUTSCHE BANK NATIONAL TRUST**
**COMPANY AS TRUSTEE FOR THE REGISTERED HOLDERS OF**
**CBA COMMERCIAL ASSETS,**
**SMALL BALANCE COMMERCIAL MORTGAGE PASS-THROUGH**
**CERTIFICATES, SERIES 2006-1**

## COMPLAINT

Plaintiff, by their attorney, complain of Defendants

as follows:

1.      Plaintiff Juan Valdera ("Juan") is a resident of the State of Rhode

Island with an address of  273-275 Rand Street, Central Falls, Rhode Island.

Plaintiff Sobieda Valdera ("Sobieda") is a resident of the City of Warwick,

Rhode Island. Plaintiff, Bahij Boutros ("Boutros") is a resident of the City of

Cranston.

2.      This Court has jurisdiction because there is diversity of jurisdiction

and the value of the mortgage is more than $75,000.00.

3.      This Court also has jurisdiction pursuant to the provisions of the Fair

Debt Collection Practices Act, a Federal Statute.

1

4.     The Plaintiffs own the property located at 273-275 Rand Street, Central Falls, Rhode Island.

5.     Juan, Sobieda and Boutros ("Borrowers") executed a Promissory Note in the amount of $300,000.00 to New Century Mortgage Corporation on August 1, 2006 in conjunction with the purchase of said property.

6.     When they purchased this property, Plaintiffs moved into this multi unit property as their residence.

7.     Juan Valdera still lives in this property as his residence.

8.     On August 1, 2006, Plaintiffs executed a mortgage to New Century Mortgage Corporation Loan Agreement to Beneficial Rhode Island, Inc. to secure the promissory note.

9.     A copy of the Note attached to a Superior Court complaint filed by Deutsche Bank is  attached as Exhibit 1.

10.    A copy of the mortgage is attached as Exhibit 2.

11.    Deutsche Bank National Trust Company as Trustee for  the Holders of Commercial Assets, Small Balance Commercial Mortgage Pass-through Certificates, Series 2006-1 ("Deutsche Bank") is the owner of the mortgage.

12.    Defendant, PHH Mortgage Corporation ("PHH"), is a loan servicer and is the loan servicer for the Plaintiffs' mortgage.

13.     Korde & Associates, PC ("Korde")  scheduled a foreclosure sale for

Plaintiffs' property and Juan Valdera's on November 4, 2020 at 12:00 PM.

A copy of this Notice of Sale mailed on  September 11, 2020 is attached as

Exhibit C.

COUNT I

COMPLAINT FOR DECLARATORY JUDGMENT THAT THE LOAN
AGREEMENT IS NOT A NEGOTIABLE INSTRUMENT AND THAT
DEUTSCHE BANK IS NOT THE OWNER OF THE LOAN
AGREEMENT OR THE AGENT FOR THE OWNER OF THE LOAN
AGREEMENT

14.     Paragraphs 1-13 are incorporated by reference.

15.     This Court possesses the authority to issue Declaratory Judgments.

16.     The Plaintiffs' Note to New Century has not been endorsed.

17.     This note is  not a negotiable instrument as defined by the Rhode

Island Uniform Commercial Code.

18.     As an unendorsed, non-negotiable instrument, the Note to New

Century has not  been conveyed by New Century to any entity.

19.     As a result, Deutsche Bank is not the owner of the note nor the agent

for the owner of the note and had no interest in the Note.

20.     This note does not meet the criteria for a negotiable instrument

pursuant to R.I.G.L 6A-3-104.

21.   Specifically it made numerous undertakings other than the promise to make payments of money or to provide for acceleration or to secure collateral.

22.   Specifically this Note stated the following non-monetary undertaking which made it not a negotiable instrument, which does not comply with the provisions of the Uniform Commercial Code, R.I.G.L 6A03-104, which defines a promissory note as follows:

a) Except as provided in subsections (c) and (d), "negotiable instrument" means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:

(1) Is payable to bearer or to order at the time it is issued or first comes into possession of a holder;

(2) Is payable on demand or at a definite time; and

(3) **Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money**, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor. (emphasis added)

(b) "Instrument" means a negotiable instrument.

(c) An order that meets all of the requirements of subsection (a), except paragraph (1), and otherwise falls within the definition of "check" in subsection (f) is a negotiable instrument and a check.

(d) A promise or order other than a check is not an instrument if, at the time it is issued or first comes into possession of a holder, it contains a conspicuous

4

statement, however expressed, to the effect that the promise or order is not negotiable or is not an instrument governed by this chapter.

(e) An instrument is a "note" if it is a promise and is a "draft" if it is an order. If an instrument falls within the definition of both "note" and "draft," a person entitled to enforce the instrument may treat it as either.

23.    A review of this purported Promissory Note indicates the following

additional obligations which render it a non-negotiable instrument:

1.    Due to the 360 day interest calculation, the amount due under this note cannot be determined by reviewing the note.

2.    The DEFAULT section  on page one provides for default upon the following conditions, not related to the payment of the note:

**OTHER DEFAULTS** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note **or in any of the related documents or to comply with or perform any term, obligation, covenant or condition contained in any other agreement** between Lender and Borrower.

**ENVIRONMENTAL DEFAULT** Failure of any party to comply with or perform when due any term, obligation, covenant or condition contained in any environmental agreement executed in connection with any loan.

**FALSE STATEMENTS** Any warranty, representation or statement made or furnished to lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, wither now or at the time made or furnished or becomes false or misleading at any time thereafter.

**DEATH OR INSOLVENCY** The death of Borrower or the dissolution of termination of Borrower's existence as a gong business, the insolvency of Borrower, the appointment of a receiver for any party of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of proceeding under any bankruptcy or insolvency laws by or against Borrower.

**CREDITOR OR FORTEITURE PROCEEDINGS.** Commencement of foreclosure or forfeiture proceeding, whether by judicial proceeding, self-help repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a a garnishment of any of Borrower's accounts, including deposit accounts with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower  as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute. . .

**ADVERSE CHANGE** A material adverse change occurs in Borrower's financial condition or Lender believes the prospect of payment or performance of this Note is impaired.

**INSECURITY** Lender in good faith believes itself insecure.

**ATTORNY FEES; EXPENSES**  Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's Attorney fees and Lender's legal expenses, whether or note there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction) and appeals. If not prohibited by  applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

24.    These conditions which are  imposed by this document incorporated

the terms of the mortgage and required Plaintiffs to comply with the terms of

the mortgage and any other related loan agreements render this Note a non-

negotiable instrument, which cannot be transferred under Article 3 by

negotiation and a blank endorsement.

25.     Article 9 of the Uniform Commercial Code applies, which requires proof of each sale of the note from New Century.

26.     The first sale of the notes in the trust was by New Century to CBA Commercial, LLC.

27.     The second sale of the notes in the trust was by CBA Commercial, LLC to CBA Commercial Assets, LLC.

28.     Deutsche Bank purchased all the notes in the trust from CBA Commercial Assets, LLC.

29.     The Loan Agreement thus was not a negotiable instrument and could not be transferred to Deutsche Bank by an endorsement.

30.     Instead the note has to be transferred pursuant to Article 9 of the UCC or by contract with each change of ownership requiring documentation indicating the sales contract, an identification that the Loan Agreement was included in that sales contract and proof of consideration.

31.     The transfer of non-negotiable promissory notes is controlled by R.I.G.L 6A-9-109(a)(3) which provides:


 **6A-9-109. Scope.**

(a) *General scope of chapter.* Except as otherwise provided in subsections (c) and (d), this chapter applies to:

(1) A transaction, regardless of its form, that creates a security interest in personal property or fixtures by contract;

(2) An agricultural lien;

(3) A sale of accounts, chattel paper, payment intangibles, or promissory notes;

32.    Due to the non-negotiable nature of the Note, Deutsche Bank can not enforce any obligations under the note and cannot exercise the statutory power of sale.

33.    Rhode Island law specifically provides that a mortgagee seeking to foreclose must be either the owner of the note or an agent for the owner of the note.

34.    Deutsche Bank is not the agent for New Century.

35.    New Century is a defunct corporation, which filed Bankruptcy in 2007 and has been liquidated in that Bankruptcy proceeding.

36.    As a result Deutsche Bank has no ownership interest in the Note.

37.    Plaintiffs have incurred attorney fees for the prosecution of this action.

    Wherefore, Plaintiff demand that this Court issue a Declaratory Judgment declaring:

1.    The Note  executed by the Plaintiffs is not a negotiable instrument.

2.    That any purported endorsement on this Note did not convey any rights in this instrument or the obligation of Plaintiffs to Deutsche Bank.

3.      That Deutsche Bank is not the owner of the Note or the agent for the

owner of the Note.

4.      That Deutsche Bank lacks any standing to exercise the statutory

power of sale because it was not owed any money  arising from the

obligation of Plaintiffs to New Century from the Note.

5.      Grant all other just and proper relief including but not limited to

Attorney fees.


                                        JUAN VALDERA
                                        SOVIEDA VALDERA
                                        BAHIJ BOUTROS


                                        By their Attorney


November 3, 2020                        /s/ John B. Ennis
                                        JOHN B. ENNIS, ESQ. #2135
                                        1200 Reservoir Avenue
                                        Cranston, Rhode Island 02920
                                        (401) 943-9230
                                        Jbelaw75@gmail.com



                        COUNT II

        VIOLATION OF THE PROVISIONS OF  RHODE ISLAND
        GENERAL LAWS § 34-27-3.1

39.     Paragraphs 1-38 are incorporated by reference.

40.     A purported Notice of Foreclosure Counseling was not provided to Plaintiffs in regard to this Notice of Sale pursuant to R.I.G.L. § 34-27-3.1 at least 45 days prior to September 11, 2020.

41.     R.I.G.L § 34-27-3.1 states:

### § 34-27-3.1. Foreclosure counseling.

(a) No less than forty-five (45) days prior to initiating any foreclosure of real estate pursuant to subsection 34-27-4(b), the **mortgagee shall provide to an individual consumer mortgagor** written notice of default and the mortgagee's right to foreclose by first class mail at the address of the real estate and, if different, at the address designated by the mortgagor by written notice to the mortgagee as the mortgagor's address for receipt of notices.

(b) The written notice required by this section shall be in English and Spanish and, provided the same is then available, shall advise the mortgagor of the availability of counseling through HUD-approved mortgage counseling agencies and, the toll-free telephone number and website address maintained to provide information regarding no-cost HUD-approved mortgage counseling agencies in Rhode Island. The written notice may also contain any other information required under federal law. A form of written notice meeting the requirements of this section shall be promulgated by the department of business

regulation for use by mortgagees at least thirty (30) days prior to the effective date of this section. Counseling shall be provided at no cost to the mortgagee.

(c) Failure of the mortgagee to provide notice to the mortgagor as provided herein shall render the foreclosure void, without limitation of the right of the mortgagee thereafter to reexercise its power of sale or other means of foreclosure upon compliance with this section. The mortgagee shall include in the foreclosure deed an affidavit of compliance with this section.

(d) As used herein and in this chapter, the term "HUD" means the United States Department of Housing and Urban Development and any successor to such department.

42.     This statute provides that failure to provide the Plaintiffs  this notice at least forty five days before initiating any foreclosure by mailing a  Notice of Sale will render the sale void.

43.     Korde on behalf of Deutsche Bank had mailed the Plaintiffs another Notice of Sale dated July 17, 2020 scheduling a sale for September 19, 2020.

44.     Juan Valdera never was provided a Notice of Foreclosure counseling at his home address in regard to this Notice of Sale at least 45 days prior to July 17, 2020.

45.     The Plaintiff were not provided a separate Notice of Foreclosure

Counseling by first class mail at least 45 days prior to the mailing of the

Notice of Sale.

     Wherefore Plaintiffs demand the following relief:

   A. A declaration that Deutsche Bank's mailing a Notice of Sale  to the

Plaintiffs scheduling a  foreclosure sale of the Plaintiffs' Property on

November 4, 2020 was invalid and void for failure to comply with R.I.G.L.

§ 34-27-3.1.

   B.  Grant Plaintiffs attorney fees and costs

   C.   Grant all other just and proper relief

JUAN VALDERA
SOVIEDA VALDERA
BAHIJ BOUTROS

By their Attorney

November 3, 2020                          /s/ John B. Ennis
                                         JOHN B. ENNIS, ESQ. #2135
                                         1200 Reservoir Avenue
                                         Cranston, Rhode Island 02920
                                         (401) 943-9230
                                         Jbelaw75@gmail.com

## COUNT III

BREACH OF CONTRACT AND BREACH OF THE COVENANT OF
GOOD FAITH AND DEALING

47.     Paragraphs 1-46 are incorporated by reference.

48.     The failure of  Deutsche Bank to strictly comply with R.IG.L. 34-27-

3.1,  which is a condition of the mortgage to exercising the statutory power

of sale, renders void any attempt to commence the alleged foreclosure by

Statutory Power of Sale, without having the contractual or statutory ability

to exercise the statutory power of sale.

49.     As a result of this failure to strictly comply with the terms of the

mortgage and the statute, Deutsche Bank cannot could not exercise the

statutory power of sale.

50.     Compliance with the provisions  of R.IG.L. 34-27-3.1 was a

condition precedent to the exercise of the power of sale of the mortgage.

51.     There was no strict compliance with the terms of the mortgage or the

Rhode Island General Laws to exercise the statutory power of sale as

indicated above.

52.     Any alleged exercise of the statutory power of sale by Deutsche Bank

will be defective  due to the failure to provide a Notice of Foreclosure

Counseling and due to the fact that Deutsche Bank has not interest in the

note.

53.     The actions of Deutsche Bank constituted a breach of contract, resulting in damages to the Plaintiffs, who hired an attorney to commence this case.

54.     Plaintiffs' mortgage loan account has been charged unreasonable fees and expenses for this attempted sale.

55.     As a result of the conduct of Deutsche Bank Plaintiffs have suffered emotional damages for embarrassment and humiliation by the advertising of a foreclosure of their property.

56.     The actions of Deutsche Bank violated the covenant of good faith and dealing.

57.     The conduct of Deutsche Bank in not complying with the terms of the mortgage's condition precedent of mailing a Notice of Foreclosure Counseling was willful,  wanton and reckless, warranting the imposition of punitive damages.

58.     Plaintiff has incurred legal fees for the defense of this improper foreclosure and for the prosecution of this action.

WHEREFORE, Plaintiffs demand the following relief:

     a.     Actual damages and punitive damages against  Deutsche Bank for failure to comply with the terms of the mortgage and for legal fees and actual damages arising from the breach of contract and for failure

to comply with the terms of the mortgage's condition precedent of

R.I.G.L. 34-27-3.1.

b.      All other just and proper relief.

                                        JUAN VALDERA
                                        SOVIEDA VALDERA
                                        BAHIJ BOUTROS

                                        By their Attorney

November 3, 2020                        /s/ John B. Ennis
                                        JOHN B. ENNIS, ESQ. #2135
                                        1200 Reservoir Avenue
                                        Cranston, Rhode Island 02920
                                        (401) 943-9230
                                        Jbelaw75@gmail.com

## COUNT IV

VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY
PHH LOAN SERVICING, LLC

59.     Paragraphs 1-58 are incorporated by reference.


60.     The principal business purpose of PHH is the collection of debts

using the mails and telephone.

61.      PHH regularly attempts to collects debts alleged to be due other

parties.

62.     PHH  is a debt collector and is the loan servicer for Plaintiffs'

mortgage.

15

63.    The principal business purposes of PHH is not the enforcement of security interests.

64.    PHH at all the times referenced in this complaint and previously collected mortgage payments from mortgagors, paid taxes from escrow proceeds to municipal tax collectors and paid property insurance payments due to insurance companies from escrow which it maintained for mortgagors.

65.    PHH, as part of its loan servicing  business,  determined the amount of escrow needed for this mortgage loan account.

66.    PHH, as part of its loan servicing business, provides loss mitigation for homeowners and the owners of the mortgage note, taking and evaluating loan modifications.

67.    PHH, as part of its loan servicing business, ordered through its electronic system of record property inspections for properties such as that of the Plaintiff.

68.    At the time that PHH commenced servicing Plaintiffs' mortgage, they were  in default and PHH treated this loan as if it were in default.

69.    Deutsche Bank has not provided Plaintiffs a Notice of Foreclosure Counseling pursuant to R.I.G.L 34-27-3.1 forty five days prior to September 11, 2020 in conjunction with that notice of sale.

70.    Plaintiffs' loan with New Century was a consumer loan for the purchase of a multi unit  residential home for the Plaintiffs.

71.    PHH is a debt collector as defined by 15 USC 1692 et seq. and since November 3, 2020 has committed several violations of the Fair Debt Collection Practices Act ("FDCPA") and is liable to the Plaintiffs for compensatory damages, statutory damages, and attorney fees and costs for violations.

72.    PHH has used unfair and unconscionable means to collect or attempt to collect a debt against the Plaintiffs.

73.    PHH, through its attorney, has threatened to commence and has claimed to have commenced a non-judicial foreclosure to effect dispossession of the Plaintiffs of their property even though PHH and Deutsche Bank had no present right to possession of the property claimed as collateral through an enforceable security interest.

70.    It also made a threat to take legal action which could not legally be

taken, namely exercise the statutory power of sale and seek a deficiency judgment against the Plaintiffs in the event that the foreclosure sale will be insufficient to cover the amount due on the loan.

71.    Specifically it stated, through its attorney, by the letter dated September 11, 2020  that a Mortgage Foreclosure sale of the Plaintiff's property would occur on November 3, 2020.

72.    The threat to conduct a Mortgage Foreclosure Sale on September 11, 2020 was a deceptive action on the part of PHH due to the failure to provide a Notice of Foreclosure counseling and not being the owner of the note.

73.    Each of these actions of PHH was a violation of 15 U.S.C. 1692e(5).

74.    The facts alleged in this complaint establish that Deutsche Bank did not have the present right to possession of the property claimed as collateral through an enforceable security interest due to the fact that the obligation referenced in the note was not transferred to Deutsche Bank because the note was not a negotiable instrument.

75.    As alleged above, PHH violated 15 U.S.C 1692e(5) by threatening to take legal action which it could not take on behalf of Deutsche Bank.

76.    PHH also violated section 1692e of the FDCPA by using false deceptive and misleading representations or means in connection with the

collection of this alleged debt.

77.    PHH made false representations regarding the character and

legal status of the debt, namely that  Deutsche Bank was holder of the note

and that Deutsche Bank could exercise the statutory power of sale.

78.    All the actions of PHH, alleged in this complaint, were designed

to compel the Plaintiffs to pay monies to PHH on behalf of Deutsche Bank,

individually and through its attorney, on behalf of the alleged owner of the

note  under the false threat of foreclosure of their property unless they made

such a payment to PHH, through its attorney on behalf of the entity, which

claimed to own the note.

79.    15 U.S.C. § 1692(f) provides that a debt collector may not use unfair

or unconscionable means to collect or attempt to collect any debt.

80.    15 U.S.C. § 1692(d) provides that a debt collector may not engage in

any conduct the natural consequence of which is to harass, oppress, or abuse

any person in connection with the collection of a debt.

81.    PHH violated 15 U.S.C. § 1692(f) because its conduct as

outlined herein constitutes an unconscionable means to collect or to attempt

to collect a debt.

82.    PHH violated 15 U.S.C. § 1692(d) by employing an unfair and

unconscionable means to collect a debt.

83.    PHH conduct has caused Plaintiff, Juan Valdera to suffer great

emotional distress driven by the fear that he might lose his property and

residence which has resulted in loss of sleep, anxiety, depression, and

embarrassment.

84. PHH's conduct was outrageous, willful, and wanton, and it

showed a reckless disregard for Plaintiff Juan Valdera's  rights.

85.    The Plaintiff, Juan Valdera has incurred actual damages as a result of

the violations

of the FDCPA:

  a.    Plaintiff Juan Valdera has incurred costs for gasoline to visit his attorneys on several occasions, driving to his attorney's office for  a round trip totaling more than   miles on November  3, 2020 to sign an affidavit in support of a Motion to a Temporary Restraining Order.  The IRS standard mileage allowance provides for .56 per mile.

  b.     He has incurred attorney fees and costs for the prosecution of the Superior Court action.

  c.    He has suffered emotional damages for embarrassment and humiliation by the advertising of a foreclosure of his home.

  d.    He has suffered emotional distress due to these actions.

  e.    His  mortgage loan account has been charged unreasonable fees and costs.

  f.    He has taken time away from his usual activities to drive to his attorney's office to sign the affidavit in support of the motion for a Temporary Restraining Order

WHEREFORE, Plaintiff demand that Judgment be entered against PHH for the following relief:

A. Judgment against PHH for actual damages, and statutory damages of $1,000.00 for each violation of the FDCPA.

B. Legal fees for the prosecution of this action.

C. For all other just and proper relief.

JUAN VALDERA
SOBIEDA VALDERA
BAHIJ BOUTROS

By their Attorney

November 3, 2020
/s/ John B. Ennis
JOHN B. ENNIS, ESQ. #2135
1200 Reservoir Avenue
Cranston, Rhode Island 02920
(401) 943-9230
Jbelaw75@gmail.com

## COUNT V

## INJUNCTIVE RELIEF

86.     Paragraphs 1-85 are incorporated by reference.

87.     The failure of Deutsche Bank to strictly comply with the terms of the mortgage and R.I.G.L 34-27-3.1 renders void any attempt to commence the alleged foreclosure by Statutory Power of Sale, without having the contractual or statutory ability to conduct this foreclosure.

21

88.    The inability of Deutsche Bank to enforce the note due to the note not being a negotiable instrument will render this foreclosure void because Deutsche Bank is not the owner of the Note or the agent for the owner of the note.

89.    Plaintiffs  will be irreparably harmed if the foreclosure sale on November 4, 2020 by Deutsche Bank  proceeds and  the home of Juan Valdera and the property of Boutros and Sobieda is  sold.

90.     Plaintiffs have a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

91.    The failure of Deutsche Bank to comply with  R.I.G.L 34-27-3.1 and renders void any attempt to commence the alleged foreclosure by Statutory Power of Sale.

92.    These facts  demonstrate that Plaintiffs have a substantial likelihood of success.

93.    Likewise a foreclosure of their property by a party not entitled to foreclose on the property will cause them  irreparable harm, which hardship is greater than any hardship, which may be claimed by defendant.

94.     Such relief sought by Plaintiff will not disserve the public interest if imposed.

95.     Plaintiffs have requested that this Court Temporarily Restrain and Enjoin and Preliminarily Restrain and Enjoin Deutsche Bank and any other entity acting on their behalf from conducting or continuing or advertising a foreclosure sale on November 4, 2020 or at any other time until there has been compliance with R.I.G.L 34-27-3.1 and Deutsche Bank establishes that it has an ownership interest in the note or is agent for the owner of the note.

WHEREFORE, Plaintiff demands that this Court:

a.     Grant a Preliminary Injunction Restraining and Enjoining Chase or any other entity acting on their behalf from conducting, advertising or continuing a  foreclosure  sale at 273-275 Rand Street, Central Falls, Rhode Island pending a hearing on a Permanent Injunction.

b.      Grant a Permanent Injunction Restraining and Enjoining Chase or any other entity acting on their behalf from conducting, advertising or continuing a  foreclosure  sale at 273-275 Rand Street, Central Falls, Rhode Island until  further Order of this Court.


c.     Award the Plaintiff actual damages and compensatory damages and legal fees and costs against the Defendant for scheduling a foreclosure

without having any ownership interest in the Note or being the agent for the

owner of the note and for note complying with R.I.G.L 34-27-3.1.

d.      Grant all other just and proper relief.

                                        JUAN VALDERA
                                        SOBIEDA VALDERA
                                        BAHIJ BOUTROS

                                        By their Attorney

November 3, 2020                        /s/ John B. Ennis
                                        JOHN B. ENNIS, ESQ. #2135
                                        1200 Reservoir Avenue
                                        Cranston, Rhode Island 02920
                                        (401) 943-9230
                                        Jbelaw75@gmail.com

Plaintiffs demand a Trial by Jury