**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

**JUAN VALDERA
SOBIEDA VALDERA
BAHIJ BOUTROS**

    **Vs**

**PHH MORTGAGE CORPORATION
DEUTSCHE BANK NATIONAL TRUST
COMPANY AS TRUSTEE FOR THE REGISTERED HOLDERS OF
CBA COMMERCIAL ASSETS,
SMALL BALANCE COMMERCIAL MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2006-1**

## MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

    Plaintiffs, by their attorney, move this Court as follows:

1.    Plaintiff Juan Valdera ("Juan") is a resident of the State of Rhode Island with an address of 273-275 Rand Street, Central Falls, Rhode Island.

2.    Plaintiff Sobieda Valdera ("Sobieda") is a resident of the City of Warwick, Rhode Island.

3.    Plaintiff, Bahij Boutros ("Boutros") is a resident of the City of Cranston.

4.    Plaintiffs own the property located at 273-275 Rand Street, Central Falls, Rhode Island.

1

5. The Plaintiffs as Borrowers executed a Promissory Note in the amount of $300,000.00 to New Century Mortgage Corporation on August 1, 2006 in conjunction with the purchase of said property.

6. When Plaintiffs purchased this property, they moved into this multi unit property as their residence.

7. Juan Valdera still lives in this property as his residence.

8. On August 1, 2006, Plaintiffs executed a mortgage to New Century to secure the promissory note.

9. A copy of the Note is attached as Exhibit A.

10. A copy of the mortgage is attached as Exhibit B.

11. Deutsche Bank National Trust Company as Trustee for the Holders of Commercial Assets, Small Balance Commercial Mortgage Pass-through Certificates, Series 2006-1 ("Deutsche Bank") is the owner of the mortgage.

12. Defendant, PHH Mortgage Corporation ("PHH"), is a loan servicer and is the loan servicer for our mortgage.

13. Korde & Associates, PC ("Korde") scheduled a foreclosure sale for the Plaintifff's property and Juan Valdera's residence on November 4, 2020 at 12:00 PM. A copy of this Notice of Sale mailed on September 11, 2020 is attached as Exhibit C.

14. The Plaintiffs' Note to New Century has not been endorsed.

15. This note is not a negotiable instrument as defined by the Rhode Island Uniform Commercial Code.

16. As an unendorsed, non-negotiable instrument, the Note has not been conveyed by the original owner< New Century Mortgage Corporation to any entity and cannot be conveyed by a blank endorsement.

17. As a result, Deutsche Bank is not the owner of the note or the agent for the owner of the note and has no interest in the Note.

18. This note does not meet the criteria for a negotiable instrument pursuant to R.I.G.L 6A-3-104.

19. Specifically it made numerous undertakings other than the promise to make payments of money or to provide for acceleration or to secure collateral.

20. Specifically this Note stated the following non-monetary undertakings which made a non-negotiable instrument, which does not comply with the provisions of the Uniform Commercial Code, R.I.G.L 6A03-104, which defines a promissory note as follows:

a) Except as provided in subsections (c) and (d), "negotiable instrument" means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if it:

(1) Is payable to bearer or to order at the time it is issued or first comes into possession of a holder;

(2) Is payable on demand or at a definite time; and

(3) **Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money**, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor.

(b) "Instrument" means a negotiable instrument.

(c) An order that meets all of the requirements of subsection (a), except paragraph (1), and otherwise falls within the definition of "check" in subsection (f) is a negotiable instrument and a check.

(d) A promise or order other than a check is not an instrument if, at the time it is issued or first comes into possession of a holder, it contains a conspicuous statement, however expressed, to the effect that the promise or order is not negotiable or is not an instrument governed by this chapter.

(e) An instrument is a "note" if it is a promise and is a "draft" if it is an order. If an instrument falls within the definition of both "note" and "draft," a person entitled to enforce the instrument may treat it as either.

21.     A review of this purported Promissory Note indicates the following additional obligations which render it a non-negotiable instrument:

    The DEFAULT section on page one provides for default upon the following conditions, not related to the payment of the note:

**OTHER DEFAULTS** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note **or in any of the related documents or to comply with or perform any term, obligation, covenant or condition contained in any other agreement** between Lender and Borrower.

4

**ENVIRONMENTAL DEFAULT** Failure of any party to comply with or perform when due any term, obligation, covenant or condition contained in any environmental agreement executed in connection with any loan.

**FALSE STATEMENTS** Any warranty, representation or statement made or furnished to lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, wither now or at the time made or furnished or becomes false or misleading at any time thereafter.

**DEATH OR INSOLVENCY** The death of Borrower or the dissolution of termination of Borrower's existence as a gong business, the insolvency of Borrower, the appointment of a receiver for any party of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of proceeding under any bankruptcy or insolvency laws by or against Borrower.

**CREDITOR OR FOREITURE PROCEEDINGS.** Commencement of foreclosure or forfeiture proceeding, whether by judicial proceeding, self-help repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute. . .

**ADVERSE CHANGE** A material adverse change occurs in Borrower's financial condition or Lender believes the prospect of payment or performance of this Note is impaired.

**INSECURITY** Lender in good faith believes itself insecure.

**ATTORNY FEES; EXPENSES** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's Attorney fees and Lender's legal expenses, whether or note there is

a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction) and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

22. These conditions imposed by this document to require Plaintiffs to comply with the terms of the mortgage and any other related agreements renders this a non-negotiable instrument, which cannot be transferred under Article 3 by negotiation and a blank endorsement.

23. Article 9 of the Uniform Commercial Code applies to transfers of this note and requires proof of each sale of the note from New Century.

24. The first sale of notes in this Trust were by New Century to CBA Commercial, LLC.

25. The second sale of the notes in this Trust were by CBA Commercial, LLC to CBA Commercial Assets, LLC.

26. Deutsche Bank purchased all the notes in the trust from CBA Commercial Assets, LLC.

27. There is no documentation which verifies and confirms any transactions from the originator to Deutsche Bank.

28. The Note thus was not a negotiable instrument and could not be transferred to Deutsche Bank by a blank endorsement.

29. Instead the note has to be transferred pursuant to Article 9 of the UCC or by contract with each change of ownership requiring documentation indicating the sales contract, an identification that the Loan Agreement was included in that sales contract and proof of consideration.

30. The transfer of non-negotiable promissory notes is controlled by R.I.G.L 6A-9-109(a)(3) which provides:

**6A-9-109. Scope.**

(a) *General scope of chapter.* Except as otherwise provided in subsections (c) and (d), this chapter applies to:

(1) A transaction, regardless of its form, that creates a security interest in personal property or fixtures by contract;

(2) An agricultural lien;

(3) A sale of accounts, chattel paper, payment intangibles, or promissory notes;

31. Due to the non-negotiable nature of the Note, Deutsche Bank can not enforce any obligations under the note and exercise the statutory power of sale.

32. As a result Deutsche Bank has no ownership interest in the Note.

33. A Notice of Foreclosure Counseling was not provided to Plaintiffs pursuant to R.I.G.L. § 34-27-3.1 at least 45 days prior to September 11, 2020.

34. R.I.G.L § 34-27-3.1 states:

## § 34-27-3.1. Foreclosure counseling.

(a) No less than forty-five (45) days prior to initiating any foreclosure of real estate pursuant to subsection 34-27-4(b), the **mortgagee shall provide to an individual consumer mortgagor** written notice of default and the mortgagee's right to foreclose by first class mail at the address of the real estate and, if different, at the address designated by the mortgagor by written notice to the mortgagee as the mortgagor's address for receipt of notices.

(b) The written notice required by this section shall be in English and Spanish and, provided the same is then available, shall advise the mortgagor of the availability of counseling through HUD-approved mortgage counseling agencies and, the toll-free telephone number and website address maintained to provide information regarding no-cost HUD-approved mortgage counseling agencies in Rhode Island. The written notice may also contain any other information required under federal law. A form of written notice meeting the requirements of this section shall be promulgated by the department of business regulation for use by mortgagees at least thirty (30) days prior to the effective date of this section. Counseling shall be provided at no cost to the mortgagee.

(c) Failure of the mortgagee to provide notice to the mortgagor as provided herein shall render the foreclosure void, without limitation of the right of the mortgagee thereafter to reexercise its power of sale or other means of

foreclosure upon compliance with this section. The mortgagee shall include in the foreclosure deed an affidavit of compliance with this section.

(d) As used herein and in this chapter, the term "HUD" means the United States Department of Housing and Urban Development and any successor to such department.

35.    This statute provides that failure to provide Plaintiffs a separate Notice of Foreclosure Counseling at least forty five days before initiating any foreclosure by mailing a Notice of Sale will render the sale void.

36.    Korde on behalf of Deutsche Bank had mailed Plaintiffs a previous Notice of Sale dated July 17, 2020 scheduling a sale for September 19, 2020.

37.    Juan Valdera never was provided a Notice of Foreclosure counseling at his home address in regard to this Notice of Sale at least 45 days prior to July 17, 2020.

38.    Plaintiffs were not provided a separate Notice of Foreclosure Counseling by first class mail at least 45 days prior to the mailing of the Notice of Sale on September 11, 2020.

39.    The failure of Deutsche Bank to strictly comply with the terms of the mortgage and R.I.G.L 34-27-3.1 renders void any attempt to commence the

alleged foreclosure by Statutory Power of Sale, without having the contractual or statutory ability to conduct this foreclosure.

40. The inability of Deutsche Bank to enforce the note due to the note not being a negotiable instrument will render this foreclosure void because Deutsche Bank is not the owner of the Note nor the agent for the owner of the note.

41. Plaintiffs will be irreparably harmed if the foreclosure sale on November 4, 2020 by Deutsche Bank proceeds and Juan Valdera'a home and the property of Boutros and Sobieda and Juan is sold.

42. Plaintiffs have a substantial likelihood of success in the pending action, would otherwise suffer irreparable harm and can claim the greater hardship in the absence of an order, which will not disserve the public interest if imposed.

43. The failure of Deutsche Bank to comply with R.I.G.L 34-27-3.1 renders void any attempt to commence the alleged foreclosure by Statutory Power of Sale.

44. These facts demonstrate that Plaintiffs have a substantial likelihood of success.

45. Likewise a foreclosure of Plaintiffs' property by a party not entitled to foreclose on the property will cause them irreparable harm, which hardship is greater than any hardship, which may be claimed by defendant.

46. Such relief sought by Plaintiffs will not disserve the public interest if imposed.

47. A copy of this Affidavit and Motion and Complaint has been provided to the Attorney for Deutsche Bank, John McNicholas, Esq.

48. Notice was provided to John McNicholas, Esq. on August 15, 2020 that this Note was not a negotiable instrument.

Wherefore Plaintiffs move that this Court:

1. Temporarily Restrain and Enjoin and Preliminarily Restrain and Enjoin Deutsche Bank and any other entity acting on its behalf from conducting or continuing or advertising a foreclosure sale on November 4, 2020 or at any other time until there has been compliance with R.I.G.L 34-27-3.1 and Deutsche Bank establishes that it has an ownership interest in the note or is agent for the owner of the note.

2. Issue a Preliminary Injunction Restraining and Enjoining Deutsche Bank and any other entity acting on its behalf from conducting or continuing or advertising a foreclosure sale on November 4, 2020 or at any other time until there has been compliance with R.I.G.L 34-27-3.1 and Deutsche Bank


establishes that it has an ownership interest in the note or is agent for the owner of the note.

3. Grant all other just and proper relief

                        JUAN VALDERA
                        SOBIEDA VALDERA
                        BAHIJ BOUTROS

                        By their Attorney

November 3, 2020          /s/ John B. Ennis
                        JOHN B. ENNIS, ESQ. #2135
                        1200 Reservoir Avenue
                        Cranston, Rhode Island 02920
                        (401) 943-9230
                        Jbelaw75@gmail.com