UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF RHODE ISLAND

JUAN VALDERA, SOBIEDA VALDERA
and BAHIJ BOUTROS

      Plaintiffs

v.                                             20-cv-470-JJM-PAS

PHH MORTGAGE CORPORATION and
DEUTSCHE BANK NATIONAL TRUST COMPANY
AS TRUSTEE FOR THE REGISTERED HOLDERS
OF CBA COMMERCIAL ASSETS, SMALL
BALANCE COMMERCIAL MORTGAGE
PASS-THROUGH CERTIFICATES, SERIES 2006-1

      Defendants

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

The Plaintiffs have moved the Court to enjoin the Defendants from conducting a non-judicial foreclosure sale of their 6-unit apartment building based on the erroneous assertions that (a) the promissory note owned by Defendant, Deutsche Bank National Trust Company, as Trustee[1] does not contain an indorsement in blank by New Century, the original lender named in the instrument (Plaintiff's Memo of Law, pg. 2 "Plaintiffs have alleged that the note has not been endorsed"); (b) that the right to enforce a non-negotiable promissory note cannot be transferred by indorsement and delivery of possession in the same manner as the right to enforce a negotiable instrument is transferred and (c) that the Defendants' Notice of Default and Mortgagee's Right to Foreclose sent by regular and certified mail on May 29, 2020 to the Property address (i.e., 273-275 Rand Street, Central Falls, Rhode Island) and to other addresses either on file with the

---

[1] For The Registered Holders of CBA Commercial Assets, Small Balance Commercial Mortgage Pass-Through Certificates, Series 2006-1 (hereinafter referred to as "Deutsche Bank").

Deutsche Bank's loan servicer, PHH, or suggested in skip-traces run on the Plaintiffs does not comply with the statute's mandate that such a notice be provided by first class mail no less than forty-five (45) days prior to initiating foreclosure where sale notices were mailed on September 11, 2020 and the first publication of sale was made on October 13, 2020 for a sale scheduled on November 4, 2020.

The Original Promissory Note is in the Temporary Physical Possession
of Deutsche Bank's Attorneys and Contains a Single Indorsement in Blank by the Original Lender, New Century Mortgage Corporation

Plaintiffs claim that the original promissory note they gave to the original Lender, New Century Mortgage Corporation ("New Century") does not contain any indorsements.[2] The Plaintiffs, however, are simply incorrect. Defendants direct the Court's attention to the Affidavit of undersigned counsel filed in support of this Opposition. In the Affidavit undersigned counsel explains that in March of 2018, his law firm, Korde & Associates, P.C. (the "Firm"), requested and obtained from PHH's predecessor-in-interest, Ocwen Loan Servicing, LLC, as loan servicer for the Defendant, Deutsche Bank, the original, Promissory Note signed by the Plaintiffs in favor New Century in August of 2005. This original Note remains in the temporary, physical custody of the Firm and contains a single indorsement in blank by New Century. See Affidavit of John S. McNicholas, Esq., ¶¶ 8-12 and Exhibit A to same.

The Right to Enforce a Non-negotiable Promissory Note May be Transferred
By Indorsement and Delivery of Possession in the Same Manner as the Right
To Enforce a Negotiable Instrument is Transferred

The Plaintiffs devote a considerable number of pages (3-17) to the issue of whether the Promissory Note at issue is a negotiable instrument as defined in Article 3 of the Uniform Commercial Code or a non-negotiable note. Since this case was filed yesterday afternoon (Nov.

---

[2] Plaintiff's Memorandum of Law, pg. 2 ("Plaintiffs have alleged that the note has not been endorsed") and pg. 3 ("As an unendorsed, non-negotiable instrument, the Note has not been conveyed by the original owner".

3, 2020) and undersigned counsel received Plaintiff's Memorandum of Law at approximately 4:56 p.m. on November 3, 2020, Defendants are not prepared to brief the negotiability issue, have not done so here, do not under any circumstances concede that the note in this case is non-negotiable and reserve their right to submit supplemental briefing on this issue if and as needed.

Defendants suggest, however, that deciding whether the promissory note is negotiable or not negotiable is not necessary to a disposition *denying* the Plaintiffs' motion for a restraining order and preliminary injunction. This is because the Plaintiffs are mistaken in their position, for which they cite *no authority* (see Plaintiff's Memorandum, pg. 17 of 25), that the right to enforce a non-negotiable instrument cannot be transferred by indorsement and delivery of possession in the same manner as is a negotiable instrument under Article 3 of the U.C.C.

The subject of transferring the right to enforce non-negotiable promissory notes is the subject of an entire Law Review Article entitled *Transferring Nonnegotiable Mortgage Notes,* by Dale A. Whitman, Florida A & M University Law Review, Vol. 11, No. 1, Art. 8, at pages 63-100 Fall 2015 [A copy of this Article is attached here at Exhibit A].

As the Plaintiffs suggest in their Memorandum (pg. 17) Article 9 of the U.C.C. does, in fact, govern the transfer of *ownership* of all notes, "whether they are negotiable or not." *Id.,* at pg. 96. The common ground, however, ends there.

Whitman goes on to observe as follows:

> "Everything Article 9 tell us about notes applies irrespective of their negotiability: how to transfer their ownership (either by written document of assignment or delivery of possession), how to perfect when they are sold (perfection is automatic), and how to attach and perfect transfers of real estate security along with them (once again, it's automatic) … Hence there is less to talk about on the topic of transferring nonnegotiable notes than we might have expected. The only real issue remaining is how to deal with transfers of the right to enforce, or even whether such transfers ought to receive separate treatment from transfers of ownership at all.

>Since there is no uniform statute or code governing transfers of the right of enforcement of nonnegotiable notes, we must turn to case law. As we have already noted, the cases are mostly old (i.e., the late Nineteenth to mid Twentieth Centuries) and draw no distinction between ownership and the right of enforcement, but consistently treat the two sets of rights in a unitary manner. But even though they regard ownership and the right to enforce as coextensive, we focus here on the cases addressing the right of enforcement, rather than cases in which ownership is the issue.
>
>*The overwhelming impression one gains from these cases is that all agree that the right to enforce a nonnegotiable note can be transferred in exactly the same way as a negotiable note – by indorsement (if the note is bearer paper and delivery ... (emphasis added).*"

*Id.,* at 97-98 (citations to footnotes omitted).

Plaintiffs aver in their Complaint and Motion (pg. 17) that the subject promissory note was bought and sold several times in its journey from New Century to the current owner, Deutsche Bank [New Century to CBA Commercial, LLC to CBA Commercial Assets, LLC to Deutsche Bank]. Plaintiffs allege without citation to any supporting authority in Article 9 or elsewhere that Article 9 "requires proof of each sale of the note from New Century."

The very definition of an "instrument" as it is contained in Article 9, R.I.G.L. §6A-9-102(47) militates against such an interpretation: "instrument … means a negotiable instrument or any other writing that evidences a right to the payment of a monetary obligation … *and is of a type that in the ordinary course of business is transferred by delivery with any necessary indorsements or assignments (emphasis added).*

In *McFarland v. Brier,* 850 A.2d 965, 975, 54 UCC Rep Serv 2d 74 (R.I. 2004) (copy attached as Exhibit B) the Rhode Island Supreme Court found that a certificate of deposit marked with the legend "nontransferable" was nevertheless transferable by delivery of possession and indorsement because is was an "instrument" within the meaning of §6A-9-102(47). Nonnegotiable notes, like certificates of deposit, are instruments, i.e., writings evidencing a right to the payment

of money "that are transferred by delivery in ordinary course of business with any necessary endorsements." As Whitman, supra notes, "[a]s a practical matter, there is little functional difference between secondary market sales of negotiable and nonnegotiable notes, despite the formal distinctions outlined above between Article 3 and the common law." *Whitman, supra* at 100.

The promissory note at issue in this case, even if it is a non-negotiable note as the Plaintiffs claim, is, like the certificate of deposit at issue in *McFarland*, through delivery and possession. As noted by the Rhode Island Supreme Court in *McFarland*, such a conclusion is consistent with "one of the underlying purposes of the U.C.C." which is "to effectuate customary business practices, not thwart them." *McFarland*, supra at 976.

Here the note is in possession of the Defendant, Deutsche Bank (currently through its attorneys) and indorsed in blank by the original lender, New Century. Consistent with the weight of authority cited by Whitman in his Article and with the Supreme Court's holding in *McFarland*, indorsement in blank by New Century and delivery of possession to Deutsche Bank were sufficient to transfer ownership of the Note and the right to enforce it to Deutsche Bank.

<u>Deutsche Bank Complied with R.I.G.L. §34-27-3.1 by Sending the Required "Notice of Default and Mortgagee's Right to Foreclose" To The Plaintiffs at the Property Address More Than 45 days Before initiating Foreclosure</u>

R.I.G.L. §34-27-3.1 (a) provides as follows:

> "No less than forty-five (45) days prior to initiating any foreclosure of real estate pursuant to subsection 34-27-4(b), the mortgagee shall provide to an individual consumer mortgagor written notice of default and the mortgagee's right to foreclose by first class mail at the address of the real estate and, if different, at the address designated by the mortgagor by written notice to the mortgagee as the mortgagor's address for receipt of notices."

The Defendants fully complied with the statutory requirement by sending the form of "Notice of Default and Mortgagee's Right to Foreclose and Notice of Availability of Mortgage Counseling

Services" (hereinafter referred to as "Notice of Default") by both first class *and* certified mail to each of the Plaintiffs at the Property address and to several other addresses either on file or reflected in skip-traces run by Defendants attorneys on May 29, 2020 as evidenced by the Declaration of Mailing executed by Jacob Smith of "iMailTracking, LLC" under pains of perjury and attached hereto as Exhibit C.

Thus the mailing took place *more than one-hundred days* prior to the Defendants' issuance, through their attorneys, of sale notices (see Exhibit C to the Plaintiffs' Complaint and to their Motion) initiating the instant foreclosure process.  Referencing a previous foreclosure sale which had been scheduled by the Defendants for September 19, 2020 in connection with which Deutsche Bank caused notices of sale to be issued on July 17, 2020, Plaintiffs claim that the Defendants were obligated by the terms of §34-27-3.1 to issue another Notice of Default in connection with the new, November 4, 2020 sale date.

Plaintiffs' assertions to the contrary, the position finds no unequivocal support in the statute, either explicitly or by logical inference.  Plaintiffs also fail to cite any case law in support of their position and Defendants are aware of none.  Absolutely no purpose is served by rendering the exact same notice about the availability of credit counseling services that provides the mortgagors with the exact same information within a time span of less than 60 days [Defendants' Notice of Default was issued on May 29, 2020;  if one were to accept the Plaintiffs' position Defendants would have to have issued the same Notice of Default sometime on or before July 27, 2020 given that sale notices were issued on September 11, 2020].

## Conclusion

Plaintiffs' Motion for a Temporary Restraining Order and for a Preliminary Injunction should be denied because they have fallen woefully short of demonstrating a likelihood of success

on the merits.  Contrary to Plaintiffs' erroneous factual assertion, the original Note is in the temporary, physical possession of undersigned counsel and contains a single indorsement in blank by the original lender, New Century.  Even if the promissory note at issue is, in fact, a non-negotiable instrument the weight of authority, including the Rhode Island Supreme Court's holding in *McFarland*, supports the conclusion that ownership and the right to enforce non-negotiable instruments can be transferred in the same manner as can the transfer of the right to enforce a negotiable instrument, i.e. by indorsement and delivery of possession.  Deutsche Bank meets both criteria.  Finally, Defendants issued a compliant Notice of Default as required by R.I.G.L. § 34-27-3.1 to each of the Plaintiffs at the Property Address by regular and certified mail more than one hundred days prior to the issuance of a notice of sale to the Plaintiffs.

Date: November 4, 2020

                                            Respectfully Submitted,

PHH Mortgage Corporation and
Deutsche Bank National Trust Company as
Trustee for The Registered Holders of CBA
Commercial Assets, Small Balance
Commercial Mortgage Pass-Through
Certificates, Series 2006-1
By Their Attorney,

/s/ John S. McNicholas_____
John S. McNicholas, Esq.
RI #8732
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, Massachusetts 01854
(978)-256-1500 (ext. 26203)
jmcnicholas@kordeassociates.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2020, I caused this document to be filed through the electronic filing system with electronic service completed on all parties registered therein to receive notice in this case.

*The document electronically filed and served is available for viewing and/or downloading from the United States District Court for the District of Rhode Island's Electronic Case Filing System.*

/s/ John S. McNicholas_____
John S. McNicholas, Esq., RIB # 8732