UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Juan Valdera, Sobieda Valdera and Bahij Boutros,<br><br>    Plaintiffs,<br><br>v.<br><br>PHH Mortgage Corporation and Deutsche Bank National Trust Company as Trustee for the Registered Holders of CBA Commercial Mortgage Pass-Through Certificate, Series 2006-1,<br><br>    Defendants. | CASE No. 1:20-CV-00470-JJM-PAS |

ANSWER OF DEFENDANTS PHH MORTGAGE CORPORATION AND DEUTSHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE REGISTERED HOLDERS OF CBA COMMERCIAL ASSETS, SMALL BALANCE COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-1

Now come the Defendants, PHH Mortgage Corporation ("PHH") and Deutsche Bank National Trust Company as Trustee for The Registered Holders of CBA Commercial Assets, Small Balance Commercial Mortgage Pass-Through Certificates, Series 2006-1[1] ("Deutsche Bank") (hereinafter collectively referred to as the "Defendants") and answer the Plaintiffs' Complaint as follows:

1. Defendants are without sufficient knowledge or belief to admit or deny the allegations contained in paragraph no. 1 and therefore deny same.

2. Defendants are without sufficient knowledge or belief to admit or deny the allegations contained in paragraph no. 2 and therefore deny same.

3. Denied.

---

[1] Plaintiffs incorrectly identified the Defendant as Deutsche Bank National Trust Company as Trustee for the Registered Holders of CBA Commercial Mortgage Pass-Through Certificate, Series 2006-1

4. Admitted to only to the extent that the Plaintiffs own the equity of redemption under and subject to the terms and conditions of the Mortgage described in paragraph 8 of the Plaintiffs' Complaint.  By virtue of such Mortgage, Plaintiffs conveyed legal title to the Property to the mortgagee identified in such Mortgage.

5. Defendants admit that the Plaintiffs executed a Promissory Note in the amount of $300,000.00 to New Century Mortgage Corporation in conjunction with their purchase of real property located at 273-275 Rand Street, Central Falls, Rhode Island (the "Property") but deny that they did so on August 1, 2006; rather, Defendants state that the Plaintiffs executed the Promissory Note on August 1, **2005**.

6. Defendants are without sufficient knowledge or belief to admit or deny the allegations contained in paragraph no. 6 and therefore deny same.

7. Defendants are without sufficient knowledge or belief to admit or deny the allegations contained in paragraph no. 7 and therefore deny same.

8. Defendants admit that Plaintiffs executed a Mortgage to New Century Mortgage Corporation ("New Century") to secure the Promissory Note but deny that Plaintiffs did so on August 1, 2006; rather Defendants state that the date of execution was August 1, **2005.**

9. As Plaintiffs fail to specify the "Superior Court complaint" to which they refer, Defendants deny the allegation contained in paragraph 9 of Plaintiff's Complaint.  Defendants also deny that the purported copy of the Note attached to the Plaintiffs' Complaint as Exhibit 1 is a complete copy of the Note with all indorsements.

10. Admitted.

11. Defendants deny the allegations contained in paragraph no. 11 of Plaintiff's Complaint in that the Plaintiffs have not correctly identified the owner of the mortgage.  The current owner of the mortgage loan is Deutsche Bank National Trust Company as Trustee for the Registered

Holders of CBA Commercial Assets, Small Balance Commercial Mortgage Pass-Through Certificates, Series 2006-1 ("Deutsche Bank").

12. Admitted.

13. Defendants admit that Korde & Associates, P.C. ("Korde") scheduled a Foreclosure Sale for November 4, 2020 and mailed a Notice of Sale to each of the Plaintiffs on September 11, 2020.  Defendants deny that the sale was to be held at 12:00 PM and instead clarify that the sale was to be held at 2 PM as indicated on the Notice of Sale provided as Exhibit C to Plaintiffs' Complaint.

## COUNT I

**COMPLAINT FOR DECLARATORY JUDGMENT THAT THE LOAN AGREEMENT IS NOT A NEGOTIABLE INSTRUMENT AND THAT DEUTSCHE BANK IS NOT THE OWNER OF THE LOAN AGREEMENT OR THE AGENT FOR THE OWNER OF THE LOAN AGREEMENT**

14.  Defendants restate and incorporate by reference their answers set forth in paragraphs 1-13 hereof as if fully set forth herein.

15. Admitted.

16. Denied.

17. Paragraph no. 17 of Plaintiffs' Complaint asserts a conclusion of law to which no response is required but to the extent a response is required Defendants deny the allegation.

18. Denied.

19. Denied.

20. Paragraph no. 20 of the Plaintiffs' Complaint asserts a conclusion of law to which no response is required but to the extent a response is required Defendants deny the allegation.

21. Defendants state that the terms of the Note speak for themselves but otherwise deny the allegation contained in paragraph 21.

22. Defendants state that the provisions of R.I.G.L. § 6A-3-104 speak for themselves but otherwise deny the allegation contained in paragraph 22.

23. Defendants state that the terms of the Note speak for themselves but Defendants deny that such provisions individually or collectively render the Note non-negotiable.

24. Defendants deny that any such conditions recited in the Note render the Note non-negotiable.

25. Paragraph no. 25 of the Plaintiffs' Complaint asserts a conclusion of law to which no response is required but to the extent a response is required Defendants deny the allegation.

26. The allegation contained in paragraph 26 is imprecise and therefore Defendants deny such allegation. Defendants admit, however, that New Century sold or transferred the Note at issue in this case directly or indirectly to CBA Commercial, LLC.

27. The allegation contained in paragraph 27 is imprecise and therefore Defendants deny such allegation. Defendants admit, however, that CBA Commercial, LLC sold or transferred the Note at issue in this case to CBA Commercial Assets, LLC.

28. Admitted.

29. The allegations contained in paragraph 29 of the Complaint fails to specify or identify what "Loan Agreement" Plaintiffs are referring to. Accordingly, Defendants deny the allegations set forth in said paragraph 29.

30. The allegations contained in paragraph no. 30 are conclusions of law to which no responsive pleading is required but to the extent a response is required Defendants deny such allegations.

31. The allegation contained in paragraph 31 is a conclusion of law to which no responsive pleading is required but to the extent a response is required Defendants deny such allegation.

32. Defendants deny the allegations set forth in paragraph 32.

33. The allegation contained in paragraph 33 is a conclusion of law to which no responsive pleading is required but to extent a response is required Defendants deny such allegation.

34. Defendants are without sufficient knowledge or belief to admit or deny the allegation contained in paragraph 34 and therefore deny same.

35. Admitted.

36. Denied.

37. Defendants are without sufficient knowledge or belief to admit or deny the allegations contained in paragraph 37 and therefore deny same.

38. Plaintiffs' Complaint omits any reference to a paragraph 38.  As such there is no allegation no. 38 to admit or deny.

### COUNT II
### VIOLATION OF THE PROVISIONS OF RHODE ISLAND GENERAL LAWS § 34-27-3.1

39. Defendants restate and incorporate by reference their answers set forth in paragraphs 1-37 hereof as if fully set forth herein.

40. Denied.

41. Defendants state that the provisions of R.I.G.L. § 34-27-3.1 speak for themselves.

42. The allegation contained in paragraph 42 is a conclusion of law to which no responsive pleading is required but to the extent a response is required Defendants deny the allegation.

43. Denied.

44. Denied.

45. Denied.

46. Plaintiffs' Complaint omits any reference to a paragraph 46.  As such there is no allegation no. 46 to admit or deny.

## COUNT III

### BREACH OF CONTRACT AND BREACH OF THE COVENANT OF GOOD FAITH AND DEALING

47. Defendants restate and incorporate by reference their answers set forth in paragraphs 1-45 hereof as if fully set forth herein .

48. Defendants deny that Deutsche Bank (as defined in paragraph no. 11 hereof) did not comply with the requirements of R.I.G.L. § 34-27-3.1 and also deny the balance of the allegations contained in paragraph 48.

49. Denied.

50. Denied.

51. Denied.

52. Defendants deny the allegations contained in paragraph no. 52.

53. Denied as to the allegation that Deutsche Bank has breached the terms of the mortgage contract. Defendants are otherwise without sufficient knowledge or belief as to whether the Plaintiffs hired an attorney to commence this action and therefore deny same.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Defendants deny that any attempt to foreclose the Mortgage was "improper" but are otherwise without sufficient knowledge or belief as to whether the Plaintiffs, individually or collectively, has or have incurred legal fees for the defense of such foreclosure and/or in connection with filing this action and therefore deny such allegations.

## COUNT IV

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### BY PHH LOAN SERVICING, LLC

59. Defendants restate and incorporate by reference their answers set forth in paragraphs 1-58 hereof as if fully set forth herein.

60. Denied.

61. Denied.

62. Defendants admit that PHH services the commercial loan at issue for the benefit of Deutsche Bank (as defined in paragraph 11 of this Answer) but denies that it is a "debt collector."

63. Denied.  Defendants further state that the principal purpose of PHH in pursuing foreclosure of the subject Mortgage was the enforcement of Deutsche Bank's security interest.

64. Admitted only to the extent that PHH collects mortgage payments from mortgagors and, depending on the terms and investor requirements applicable to any particular loan, collects escrows for real estate taxes and/or insurance and where applicable makes disbursements to tax collectors and/or hazard insurers; otherwise denied.

65. Admitted only to the extent that PHH determines the amount, if any, of escrows required for the mortgage loan which is the subject of Plaintiffs' Complaint in accordance with the terms of the loan and investor requirements; otherwise denied.

66. Admitted that PHH as part of its role as a loan servicer will consider borrowers for loss mitigation options in appropriate circumstances in accordance with the loan owners' eligibility criteria; Defendants deny the balance of the allegations contained in paragraph 66.

67. Admitted.

68. Defendants are presently without sufficient knowledge or belief to admit or deny the

*Valdera*                                *Answer to Plaintiff's Complaint*
*v.*                                           Page **7** of **15**
*PHH et al*                              *Docket # 1:20-CV-00470-JJM-PAS*

allegation that the loan was in default when PHH as successor by merger to Ocwen Loan Servicing, LLC commenced servicing the Plaintiff's mortgage and therefore deny same. Defendants are uncertain as to exactly what Plaintiffs mean in stating that "PHH treated this loan as if it were in default" and therefore Defendants deny the balance of the allegations contained in paragraph.

69. Denied.

70. Denied.

71. Defendants deny that PHH is a debt collector within the meaning of the FDCPA; deny that PHH has committed any violations of the FDCPA in connection with mortgage loan at issue in this case and deny that PHH is liable to Plaintiffs for any damages or attorneys' fees.

72. Denied.

73. Defendants admit that Deutsche Bank commenced a non-judicial foreclosure process in connection with the Property but deny the balance of the allegations contained in paragraph 73.

74. Plaintiffs' Complaint identifies this paragraph as a second paragraph no. "70" in error. Defendants deny the allegations contained in the paragraph no. "70" appearing on pages 17 and 18 of the Plaintiffs' Complaint.

75. Plaintiffs' Complaint identifies this paragraph as a second paragraph no. 71 in error. Defendants admit that Deutsche Bank, not PHH, sent a letter through its attorneys dated September 11, 2020 to each of the Plaintiffs informing that a foreclosure sale of the Property would be conducted on November 4, 2020, not November 3, 2020 as alleged in the Complaint. Defendants otherwise deny the allegations contained in paragraph no. "71" appearing on page 18 of Plaintiff's Complaint.

76. Plaintiffs' Complaint identifies this paragraph as a second no. 72 in error. Defendants deny the allegations contained in the paragraph no. "72" appearing on page 18 of the Plaintiffs' Complaint.

77. Plaintiffs' Complaint identifies this paragraph as a second no. 73 in error. Defendants deny the allegations contained in the paragraph no. "73" appearing on page 18 of the Plaintiffs' Complaint.

78. Plaintiffs' Complaint identifies this paragraph as no. 74 in error. Defendants deny the allegations contained in the paragraph no. "74" appearing on page 18 of the Plaintiffs' Complaint.

79. Plaintiffs' Complaint identifies this paragraph as no. 75 in error. Defendants deny the allegation contained in the paragraph no. "75" appearing on page 18 of the Plaintiffs' Complaint.

80. Plaintiffs' Complaint identifies this paragraph as no. 76 in error. Defendants deny the allegation contained in the paragraph no. "76" appearing on page 18 of the Plaintiffs' Complaint.

81. Plaintiffs' Complaint identifies this paragraph as no. 77 in error. Defendants deny the allegation contained in the paragraph no. "77" appearing on page 19 of the Plaintiffs' Complaint.

82. Plaintiffs' Complaint identifies this paragraph as no. 78 in error. Defendants deny the allegation contained in the paragraph no. "78" appearing on page 19 of the Plaintiffs' Complaint.

83. Plaintiffs' Complaint identifies this paragraph as no. 79 in error. Defendants state that the provisions of 15 U.S.C. § 1692(f) speak for themselves.

84. Plaintiffs' Complaint identifies this paragraph as no. 80 in error. Defendants state that the provisions of 15 U.S.C. § 1692(d) speak for themselves.

85. Plaintiffs' Complaint identifies this paragraph as no. 81 in error. Defendants deny the allegation contained in the paragraph no. "81" appearing on page 19 of the Plaintiffs' Complaint.

86. Plaintiffs' Complaint identifies this paragraph as no. 82 in error. Defendants deny the allegation contained in the paragraph no. "82" appearing on page 19 of the Plaintiffs' Complaint.

*Valdera*  
*v.*  
*PHH et al*  
Page **9** of **15**  
Answer to Plaintiff's Complaint  
Docket # 1:20-CV-00470-JJM-PAS


87. Plaintiffs' Complaint identifies this paragraph as no. 83 in error. Defendants deny the allegation contained in the paragraph no. "83" appearing on page 20 of the Plaintiffs' Complaint.

88. Plaintiffs' Complaint identifies this paragraph as no. 84 in error. Defendants deny the allegation contained in the paragraph no. "84" appearing on page 20 of the Plaintiffs' Complaint.

89. Plaintiffs' Complaint identifies this paragraph as no. 85 in error. Defendants deny the allegations contained in the paragraph no. "85" appearing on page 20 of the Plaintiffs' Complaint.

## Count V
## INJUNCTIVE RELIEF

90. Plaintiffs' Complaint identifies this paragraph as no. 86 in error. Defendants restate and incorporate by reference their answers set forth in paragraphs 1-89 hereof as if fully set forth herein.

91. Plaintiffs' Complaint identifies this paragraph as no. 87 in error. Defendants deny the allegations contained in paragraph no. "87" appearing on page 21 of Plaintiffs' Complaint.

92. Plaintiffs' Complaint identifies this paragraph as no. 88 in error. Defendants deny the allegations contained in paragraph no. "88" appearing on page 22 of Plaintiffs' Complaint.

93. Plaintiffs' Complaint identifies this paragraph as no. 89 in error. Defendants deny the allegations contained in paragraph no. "89" appearing on page 22 of Plaintiffs' Complaint.

94. Plaintiffs' Complaint identifies this paragraph as no. 90 in error. Defendants deny the allegations contained in paragraph no. "90" appearing on page 22 of Plaintiffs' Complaint.

95. Plaintiffs' Complaint identifies this paragraph as no. 91 in error. Defendants Defendants deny the allegations contained in paragraph no. "91" appearing on page 22 of Plaintiffs' Complaint.

96. Plaintiffs' Complaint identifies this paragraph as no. 92 in error. Defendants deny the allegations contained jn paragraph no. "92" appearing on page 22 of Plaintiffs' Complaint.

*Valdera*  
v.  
*PHH et al*  
Page **10** of **15**  
Answer to Plaintiff's Complaint  
Docket # 1:20-CV-00470-JJM-PAS

97. Plaintiffs' Complaint identifies this paragraph as no. 93 in error. Defendants deny the allegations contained in paragraph no. "93" appearing on page 22 of Plaintiffs' Complaint.

98. Plaintiffs' Complaint identifies this paragraph as no. 94 in error. Defendants deny the allegations contained in paragraph no. "94" appearing on page 23 of Plaintiffs' Complaint

99. Plaintiffs' Complaint identifies this paragraph as no. 95 in error. Paragraph no. "95" as it appears on page 23 of Plaintiffs' Complaint is a statement of relief sought by the Plaintiffs to which no responsive pleading is required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state any claim against the Defendants upon which relief can be granted.

### Second Affirmative Defense

The Defendant, Deutsche Bank (as designated in paragraph no. 11 of this Answer), is in possession of the original Note which contains an indorsement in blank by the original lender identified therein, New Century. Deutsche Bank is thus the holder of the Note and entitled to enforce it.

### Third Affirmative Defense

Plaintiffs have failed to do equity and/or have unclean hands and as such, any claim for equitable relief in the Complaint is barred as a result.

### Fourth Affirmative Defense

Plaintiffs' claims are barred in whole or in part, because Plaintiffs expressly, ostensibly, and/or implicitly authorized or ratified the transactions and/or acts and/or omissions at issue.

*Valdera*  
v.  
PHH et al  
Page **11** of **15**  
Answer to Plaintiff's Complaint  
*Docket # 1:20-CV-00470-JJM-PAS*

### Fifth Affirmative Defense

The obligations evidenced by the Note and Mortgage are not consumer "debt" within the meaning of 15 U.S.C. § 1692a(5) and therefore the Fair Debt Collection Practices Act has no application to the mortgage loan at issue in this case.

### Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, under the doctrine of estoppel and/or laches.

### Seventh Affirmative Defense

Any alleged damages or injuries suffered by the Plaintiffs, if any, result from their own conduct, actions and omissions and/or those of their attorneys and agents.

### Eighth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, under the doctrines of waiver and ratification.

### Ninth Affirmative Defense

The proceeds of the mortgage loan evidenced by the Note and Mortgage were not loaned, intended and/or used by the Plaintiffs primarily for personal, family or household purposes.

### Tenth Affirmative Defense

Any violation of the FDCPA by PHH Mortgage Corporation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid or prevent any such error.

### Eleventh Affirmative Defense

Some or all of the Plaintiffs' claims are barred by the applicable statute of limitations.

*Valdera*  
*v.*  
*PHH et al*  
Page **12** of **15**  
*Answer to Plaintiff's Complaint*  
*Docket # 1:20-CV-00470-JJM-PAS*

### Twelfth Affirmative Defense

Defendant, PHH Mortgage Corporation, is not a "debt collector" within the meaning of the Fair Debt Collection Practices Act, 15 U.S.C. §1692a et seq.

### Thirteenth Affirmative Defense

Plaintiffs have not established that they have or will suffer an actual or potential injury in fact sufficient to establish their standing to sue in this court.

### Fourteenth Affirmative Defense

At all times relevant to events alleged in Plaintiffs' Complaint, PHH Mortgage Corporation's actions were limited to facilitating the enforcement of Deutsche Bank's security interest in the Property.

### Fifteenth Affirmative Defense

PHH is not a party to any contract with the Plaintiffs and, as such, cannot be liable to the Plaintiffs for a breach of contract or for any alleged breach of the implied covenant of good faith and fair dealing.

### Sixteenth Affirmative Defense

Defendants complied in all respects with the requirements of R.I.G.L 34-27-3.1 et seq.

### Seventeenth Affirmative Defense

Even if the Note is not a "negotiable instrument" within the meaning of Article 3 of the U.C.C., the right to enforce the Note can still be transferred by indorsement, either in blank or via a special indorsement.

### Eighteenth Affirmative Defense

Defendants state that presently there is insufficient knowledge or information on which to form a belief as to whether additional affirmative defenses are necessary. Defendants reserve the

right to file an amended answer asserting additional defenses. Defendants also reserve the right to file counterclaims or additional counterclaims if discovery indicates either is appropriate.

WHEREFORE DEFENDANTS respectfully request that the Court:

(a) Deny Plaintiffs all form of relief sought in their Complaint;

(b) Enter judgment in favor of the Defendants on all Counts of Plaintiffs' Complaint;

(c) Award the Defendants their attorneys fees and costs in defending this action;

(d) Grant such further relief as the Court deems just.

Dated: December 18, 2020

Respectfully submitted,
PHH Mortgage Corporation and Deutsche Bank National Trust Company as Trustee for The Registered Holders of CBA Commercial Assets, Small Balance Commercial Mortgage Pass-Through Certificates, Series 2006-1,
By their attorney,

/s/ John S. McNicholas
John S. McNicholas, Esq. RIB # 8732
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851
(978) 256-1500 (ext. 26203)
jmcnicholas@kordeassociates.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants via first class mail on December 18, 2020.

*The document electronically filed and served is available for viewing and/or downloading from the United States District Court's Electronic Filing System.*

                          /s/ John S. McNicholas  
                          John S. McNicholas, Esq. RIB # 8732

*Valdera*  
*v.*  
*PHH et al*  
Page **15** of **15**  
*Answer to Plaintiff's Complaint*  
*Docket # 1:20-CV-00470-JJM-PAS*