# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

Juan Valdera, Sobieda Valdera and Bahij
Boutros,

      Plaintiffs,

v.

PHH Mortgage Corporation and Deutsche
Bank National Trust Company as Trustee for
the Registered Holders of CBA Commercial
Assets, Small Balance Commercial Mortgage
Pass-Through Certificate, Series 2006-1,

      Defendants.

**CASE No. 1:20-CV-00470-JJM-PAS**

## DEFENDANTS PHH MORTGAGE CORPORATION AND DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE'S STATEMENT OF UNDISPUTED FACTS

1.  The Plaintiffs, Juan Valdera, Sobieda Valdera and Bahij Boutros, financed the purchase

    of 273-275 Rand Avenue, Central Falls (the "Property") by executing a promissory

    note and mortgage payable to New Century Mortgage Corporation ("New Century")

    on August 1, 2005 [Complaint ¶5, 8, Plaintiff's Motion for Temporary Restraining

    Order and Preliminary Injunction ("PI Motion"), ECF Document 4 Filed 11/3/2020,

    ¶5, 8) (Affidavit of Juan Valdera ("Valdera Aff"), ECF Document 4-1, Filed 11/3/2020,

    ¶5,8)].[1]

2.  The promissory note given by the Plaintiffs to New Century dated August 1, 2005 is in

    the original principal amount of $300,000.00 and includes an Allonge containing an

    indorsement in blank by New Century (the "Note").  No other indorsements appear on

---

[1] Plaintiffs' Complaint, PI Motion and Supporting Affidavit of Juan Valdera all recite the year of execution of the Note and Mortgage as "2006".  The Note and Mortgage, however, copies of which (although in the case of the Note, an incomplete copy) are attached to the Plaintiffs' Complaint as Exhibits A and B respectively, clearly bear the date of "August 1, 2005" on their respective face pages.

*Valdera et al.*
*v.*
*PHH et al.*
    Page **1** of **8**
*D's Statement of Facts ISO*
*Motion for Summary Judgment*
*Docket # 1:20-CV-00470-JJM-PAS*

the Note [Affidavit of Sergio Olmo, Contract Management Coordinator with PHH Mortgage Corporation ("Olmo Affidavit"), ¶ 8 and Exhibit B to same].

3. To secure the Note, the Plaintiffs granted a mortgage to New Century dated August 1, 2005 in the original principal amount of $300,000.00 which was thereafter recorded with the Central Falls Land Evidence Records on August 4, 2005 in Book 621, Page 253 [Compl., ¶¶ 8 and 10 and Exhibit B to same; Olmo Affidavit, ¶ 8 and Exhibit C to same].

4. Deutsche Bank, directly or through its designated document custodian, has physical possession of the original Note containing, via an allonge, a single indorsement in blank by New Century [Olmo Affidavit, ¶¶ 8 and 10].

5. The loan application signed and submitted to New Century in 2005 by the Plaintiffs for purposes of procuring the loan evidenced by the Note and Mortgage includes a representation by the mortgagors in the form of a box that is checked indicating that the Property was purchased for "investment purposes" [Olmo Affidavit, ¶ 8 and Exhibit D to same].

6. Each of the Plaintiffs also signed an "Affidavit of Commercial Purpose" wherein he or she confirmed that the loan he/she was obtaining was for "business or commercial purposes and not for personal, family or household (consumer) purposes" and that he/she had been informed that the federal and state consumer protection laws would not apply to the loan as the loan was primarily for business or commercial purposes [Olmo Affidavit, ¶ 9 and Exhibit E to same].

7. The Defendant, Deutsche Bank National Trust Company as Trustee for the Registered Holders of CBA Commercial Assets, Small Balance Commercial Mortgage Pass-

*Valdera et al.*
*v.*
*PHH et al.*

Page **2** of **8**

*D's Statement of Facts ISO*
*Motion for Summary Judgment*
*Docket # 1:20-CV-00470-JJM-PAS*

Through Certificates, Series 2006-1 ("Deutsche Bank") filed a complaint in Providence Superior Court, Docket PC-2016-5232 (the "Declaratory Judgment Action") on November 8, 2016 against the Plaintiffs the New Century Mortgage Corporation Liquidating Trust seeking an equitable assignment of the Mortgage to Deutsche Bank and adjudicating Deutsche Bank to be the holder of the Mortgage [Affidavit of Catherine Eastwood, Esq. ("Eastwood Affidavit"), ¶ 6].

8. Plaintiffs, through the same attorney who is representing them in the instant proceeding before this Court, appeared in the Declaratory Judgment Action [Eastwood Affidavit, ¶ 7].

9. The Providence Superior Court issued a Judgment in the Declaratory Judgment Action on July 19, 2019 equitably assigning to and adjudicating Deutsche Bank to be the present holder of the Mortgage.  The Judgment is recorded with the Central Falls Land Evidence Records as of August 14, 2019 in Book 960, Page 70 [Olmo Affidavit, ¶ 12 and Exhibit I to same].

10. The Judgment referenced in the preceding paragraph is recorded with the Central Falls Land Evidence Records as of August 14, 2019 in Book 960, Page 70 [Olmo Affidavit, ¶ 12 and Exhibit I to same].

11. Deutsche Bank is the owner of the Mortgage [Complaint. ¶11; PI Motion, ¶11; Valdera Aff. ¶11].

12. PHH's business records contain an execution copy of the Pooling and Servicing Agreement dated April 1, 2006 between, inter alia, CBA Commercial Assets, LLC as Depositor, and Deutsche Bank National Trust Company as Trustee pursuant to which

*Valdera et al.*
*v.*
*PHH et al.*

Page **3** of **8**

*D's Statement of Facts ISO*
*Motion for Summary Judgment*
*Docket 1:20-CV-00470-JJM-PAS*

Deutsche Bank acquired ownership of the loan evidenced by the Note and Mortgage [Olmo Affidavit, ¶ 14 and Exhibit K to same].

13. PHH's business records also contain an execution copy of a Mortgage Loan Purchase Agreement dated April 1, 2006 between CBA Commercial Assets, LLC as Purchaser and CBA Commercial, LLC as Seller ("MLPA"). The Commercial Loan evidenced by the Note and Mortgage appears on line no. 122 in the Mortgage Loan Schedule ("Loan Schedule") that accompanies and is referred to in the bodies of the MLPA and in the PSA referenced in the following paragraph  The loan evidenced by the Note and Mortgage (the "Loan") is identified on Line No. 122 in the Mortgage Loan Schedule by several unique characteristics including the loan number (800090459) assigned by the originating lender, New Century, and that appears on the face pages of the Note and Mortgage [Olmo Affidavit, ¶ 13 and Exhibit J to same].

14. PHH Mortgage Corporation ("PHH") services the Loan on behalf of Deutsche Bank [Valdera Aff. ¶12].

15. The Property is a 6-unit apartment building [Complaint, ¶6; Olmo Affidavit, ¶7 and Appraisal performed at the time of the origination of the loan in 2005 attached thereto as Exhibit A].

16. Deutsche Bank, through its prior loan servicer, referred the Loan to local counsel for foreclosure in 2017 [Affidavit of Susan W. Cody, Esq, ¶ 6].

17. Though not required to do so under the terms of the Mortgage, Deutsche Bank through PHH and its attorneys sent notices to each of the Plaintiffs on September 27, 2019 via regular and certified mail at multiple addresses advising then of a monetary default on the loan and giving them an opportunity to cure such default by paying all then existing

*Valdera et al.*
*v.*
*PHH et al.*

Page **4** of **8**

*D's Statement of Facts ISO*
*Motion for Summary Judgment*
*Docket # 1:20-CV-00470-JJM-PAS*

loan arrearages on or before October 31, 2019 failing which the entire, outstanding indebtedness on the Loan would be accelerated and declared immediately due and payable [Eastwood Affidavit, ¶ 8 and Exhibit 1 to same].

18. As Plaintiffs failed to cure the default on or before October 31, 2019, the Firm sent notices on behalf of Deutsche Bank and PHH to each of the Plaintiffs on November 14, 2019 via certified and regular mail at multiple addresses advising them that Deutsche Bank was thereby accelerating the entire outstanding indebtedness due under the Note and declaring same to be immediately due and payable [Eastwood Affidavit, ¶ 9 and Exhibit 2 to same].

19. The Plaintiff, Sobieda Valdera ("Sobieda"), filed a Chapter 7 bankruptcy petition on January 15, 2020 in the United States Bankruptcy Court for the District of Rhode Island, Case No.: 1:20-bk-10042 (the "Bankruptcy Case") [Eastwood Affidavit, ¶ 10].

20. Deutsche Bank obtained relief from the automatic stay in the Bankruptcy Case on February 18, 2020.   The Order granting Deutsche Bank Relief from the stay is referenced on the Bankruptcy Case Docket as Document No. 16 [Eastwood Affidavit, ¶ 11 and Exhibit 3 to same].

21. Deutsche Bank, through counsel, caused a Notice of Default and Mortgagee's Right to Foreclose and Notice of Availability of Mortgage Counseling Services ("Foreclosure Counseling Notices") pursuant to RI Gen. Laws, §34-27-3.1 to be sent via regular and certified mail to each of the Plaintiffs (individually) at multiple addresses on May 29, 2020 as specified in the Affidavit of Susan W. Cody ("Cody Affidavit") filed in support hereof, paragraph no. 9 [See also Cody Affidavit, ¶ 11 and the Declaration of Mailing attached thereto as Exhibit C].

*Valdera et al.*
*v.*
*PHH et al.*

Page **5** of **8**

*D's Statement of Facts ISO*
*Motion for Summary Judgment*
*Docket # 1:20-CV-00470-JJM-PAS*

22. The Declaration of Mailing attached to the Cody Affidavit as Exhibit C is split into first-class mail and certified mail pages.  Entry Number 20 of the Certified Mail sheet shows a reference number of 7196900248406214 7389 and the name "Juan Valdera, 138 Lonsdale Main Street, Apt. 2, Lincoln, RI 02865" [Cody Affidavit, ¶ 12].

23. Exhibit D to the Cody Affidavit is a certified mail "green card" with a signature by "Juan Valdera" and reflecting a date of delivery of June 3, 2020.  The Green Card lists a sequence of numbers under the Article Number. The sequence of numbers is 7196900248406214 7389 which matches the number listed in Entry Number 20 of the the Declaration of Mailing from iMailTracking, LLC at Exhibit C to the Cody Affidavit. The reference number of 17-031157 and mailing number of 0005305-01 that appears on the Declaration of Mailing also appears on the Green Card in section 1 above Juan Valdera's name and address [Cody Affidavit, ¶ 13].

24. The Defendants, through Korde & Associates, PC, scheduled a foreclosure sale of the Property for September 10, 2020 at noon. I caused a Notice of Intention to Foreclose to be mailed to each of the parties and at the addresses referenced in paragraph no. 9 hereof on July 17, 2020.  Each of these Notices of Intention for Foreclose stated that the Notice of Sale would be published in the Pawtucket Evening Times on August 19, 2020, August 26, 2020 and September 2, 2020, respectively [Cody Affidavit, ¶ 14].

25. The Firm received a letter from Plaintiffs' attorney, John B. Ennis, dated August 15, 2020 in which he indicated that the Plaintiffs were disputing the debt evidenced by the Note and Mortgage and were otherwise disputing (a) that the Note is negotiable instrument and (b) Deutsche Bank's authority to foreclose the Mortgage ("Debt Dispute Letter") [Cody Affidavit, ¶ 15 and Exhibit E to same].

*Valdera et al.*
*v.*
*PHH et al.*                    Page **6** of **8**                    *D's Statement of Facts ISO*
*Motion for Summary Judgment*
*Docket # 1:20-CV-470-JJM-PAS*

26. In light of the Firm's receipt of the Debt Dispute Letter, Attorney Cody caused the September 10, 2020 foreclosure sale to be canceled to allow (a) the Firm to respond to the Debt Dispute Letter on behalf of Deutsche Bank and its servicer, PHH and (b) the Plaintiffs to have the benefit of the Firm's written response and a reasonable period of time to review such response before the Firm proceeded with foreclosure of the Property [Cody Affidavit, ¶ 16].

27. The Firm, on behalf of Deutsche Bank and PHH, issued a detailed response of 83 pages inclusive of exhibits to the Debt Dispute Letter to Attorney Ennis via Email and Regular Mail on September 3, 2020 [Cody Affidavit, ¶ 17 and Exhibit F to same].

28. Deutsche Bank, through the Firm, re-noticed and re-published the foreclosure sale of the Property for November 4, 2020 at 2:00 p.m.

29. The Loan is now more than nine (9) years delinquent with an account due date of October 1, 2012 [Supplemental Affidavit of Sergio Olmo, Contract Management Coordinator with PHH, ¶ 8 and Exhibit 3 to same].

30. PHH's business records reflect that PHH has advanced a total of $116,453.63 through January 5, 2022 to pay real estate taxes assessed to and to maintain hazard insurance on the Property for which it has not been reimbursed by the Plaintiffs [Supplemental Affidavit of Sergio Olmo, ¶ 9].

.

*Valdera et al.*
*v.*
*PHH et al.*

Page **7** of **8**

*D's Statement of Facts ISO*
*Motion for Summary Judgment*
*Docket # 1:20-CV-00470-JJM-PAS*

Dated:  January 20, 2022

Respectfully submitted,
PHH Mortgage Corporation and Deutsche Bank National Trust Company as Trustee for The Registered Holders of CBA Commercial Assets, Small Balance Commercial Mortgage Pass-Through Certificates, Series 2006-1, By their attorney,

/s/ John S. McNicholas
John S. McNicholas, Esq. RIB # 8732
Catherine V. Eastwood, Esq. RIB # 6406
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851
(978) 256-1500 (ext. 26203) McNicholas
(978) 256-1500 (ext. 26222) Eastwood
jmcnicholas@kordeassociates.com
ceastwood@kordeassociates.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants via first class mail on this 20th day of January 2022.

*The document electronically filed and served is available for viewing and/or downloading from the United States District Court's Electronic Filing System.*

/s/ John S. McNicholas
John S. McNicholas, Esq. RIB # 8732

*Valdera et al.*
*v.*                                    Page **8** of **8**
*PHH et al.*

*D's Statement of Facts ISO*
*Motion for Summary Judgment*
*Docket # 1:20-CV-00470-JJM-PAS*