## UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Juan Valdera, Sobieda Valdera and Bahij Boutros,<br><br>       Plaintiffs,<br><br>v.<br><br>PHH Mortgage Corporation and Deutsche Bank National Trust Company as Trustee for the Registered Holders of CBA Commercial Mortgage Pass-Through Certificate, Series 2006-1,<br><br>       Defendants. | CASE No. 1:20-CV-00470-JJM-PAS |

## SUPPLEMENTAL AFFIDAVIT OF ATTORNEY CATHERINE V. EASTWOOD IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

I, Catherine v. Eastwood, Esq, depose on oath as follows:

1. I have been admitted to practice law in the State of Rhode Island since 2001. My primary practice area is creditor's rights, including representation of mortgage holders and mortgage servicers in prosecuting foreclosures and evictions and representing such parties in related bankruptcy and litigation matters. I have also practiced law and been admitted in Massachusetts since 1998.

2. I am a senior associate at Korde & Associates, P.C. ("Korde") in Lowell, Massachusetts.

3. Korde represents the Defendants, PHH Mortgage Corporation ("PHH") and Deutsche Bank National Trust Company as Trustee for the Registered Holders of CBA Commercial Assets, Small Balance Commercial Mortgage Pass-Through Certificates, Series 2006-1 ("Deutsche Bank") (collectively the "Defendants").

4. Plaintiff's Complaint filed in this action concerns a $300,000.00 loan obtained by the Plaintiffs from New Century Mortgage Corporation in August of 2005 (the "Loan").

5. The Loan is evidenced by a certain promissory note given by the Plaintiffs to New Century Mortgage Corporation in the original principal amount of $300,000.00 dated August 1, 2005 (the "Note") and by a certain mortgage given by the Plaintiffs to New Century Mortgage Corporation securing the Note also dated August 1, 2005 and recorded with the Central Falls Land Evidence Records in Book 621, Page 253 (the "Mortgage"). The Mortgage secures real estate known as 273-275 Rand Street, Central Falls, RI 02863 (the "Property").

6. Korde maintains an electronic case management system ("CMS") in which attorneys, paralegals and legal assistants acting under the direction of Korde's attorneys enter all case-related activity simultaneously or nearly simultaneously with the occurrence of such activity in CMS. CMS identifies the name of the attorney, paralegal or legal assistant making the entry, the date and time such entry is made and a description of the activity (i.e., pleading filed, notice or correspondence sent, phone call received, etc.) as entered by the attorney, paralegal or legal assistant making the entry. In addition, copies of pleadings, affidavits, title examinations, title rundowns, correspondence and other documents relating to the case are uploaded to CMS.

7. In the course of preparing and reviewing this affidavit I have consulted Korde's CMS and the documents uploaded to such system in connection with the Loan.

8. CMS reflects that Deutsche Bank, through prior counsel, filed a complaint in Providence Superior Court, Docket PC-2016-5232 (the "Declaratory Judgment Action") on November 8, 2016 against Juan Valdera, Sobieda Valdera and Bahij Boutros (hereinafter collectively referred to as "Valdera") and New Century Mortgage Corporation Liquidating Trust

*Valdera et al*
*v.*
*PHH et al.*

Page 2 of 6

*Supp. Affidavit of Catherine Eastwood ISO*
*Motion for Summary Judgment*
*Docket # 1:20-CV-470-JJM-PAS*

seeking the issuance of an equitable assignment of the Mortgage to Deutsche Bank based on its status as holder of the Note.

9. Prior counsel representing Deutsche Bank in the Declaratory Judgment Action attached a copy of the Note that did not reflect the indorsement in blank by the originating lender, New Century Mortgage Corporation, as the same appears on the original Note now in the temporary, physical possession of Korde and which I have personally examined.

10. Valdera appeared as Defendants in the Declaratory Judgment Action through Attorney John B. Ennis, the same attorney who is representing them in the instant proceeding. Valdera, through counsel, filed an Answer in the Declaratory Judgment Action on January 11, 2017 in which Valdera raised the affirmative defense that the Note was not indorsed and had been lost.

11. Deutsche Bank, through its loan servicer at the time, Ocwen Loan Servicing, LLC ("Ocwen"), excused prior counsel and retained Korde to complete the Declaratory Judgment Action in January 2018. I requested that Ocwen send the original Note to Korde for review as I noticed that the copy of the Note attached to the complaint filed in the Declaratory Judgment Action did not reflect the indorsement in blank by New Century Mortgage Corporation.

12. Korde received the original Note on March 26, 2018.  On March 27, 2018, I caused the original Note to be retrieved from the Firm's original documents filing cabinet.  At that time, I observed the Note to contain a single indorsement in blank by New Century Mortgage Corporation as is reflected in the comments I entered into our CMS system at 5:03 p.m. on March 27, 2018. In my experience, it is not unusual for a copy of the unindorsed note to be uploaded to an originating lender's loan document system after the

*Valdera et al*
*v.*
*PHH et al.*

Page 3 of 6

*Supp. Affidavit of Catherine Eastwood ISO*
*Motion for Summary Judgment*
*Docket # 1:20-CV-470-JJM-PAS*

loan closing but before any indorsements are made on the note.  This is almost always the case immediately after a loan has been closed and the closing documents as signed and when applicable, notarized, are uploaded to the originating lender's loan file. The records of the originating lender are then transferred to and become part of the business records of subsequent servicers of the Loan.  As a result, subsequent servicers' business records almost always contain copies of the promissory note made before any indorsements are made on the note.   Because of this reality, it is important to examine the original note to determine what, if any, indorsements have been made on the note itself or on any allonges affixed to the note.

13.  I served written discovery on Plaintiffs' counsel in the Declaratory Judgment Action, but I did not receive any timely responses.  I then filed a Motion to Compel Discovery Responses in the Declaratory Judgment Action on November 21, 2018, and ultimately the Providence Superior Court entered an order granting Deutsche Bank's Motion for Conditional Order of Default on February 25, 2019.

14. An order granting Deutsche Bank's Motion to Default Valdera and to strike Valdera's answer was entered by the Court on March 8, 2019 due to Valdera's non-compliance with my discovery requests. A true and correct copy of the order is attached hereto as Exhibit 1.

15. The Motion for Entry of Default Judgment was supported by the affidavit of Chastri R. Eloi, Contract Management Coordinator for Ocwen Loan Servicing, LLC (predecessor of PHH), dated April 26, 2019, attesting to the fact that a true copy of the original Note bearing a single indorsement in blank by New Century Mortgage Corporation was attached as Exhibit 1 to her affidavit and that the original Note was temporarily relinquished to Korde for purposes of prosecuting the litigation and making same available for Korde to produce

Valdera et al
v.
PHH et al.                                    Page 4 of 6

Supp. Affidavit of Catherine Eastwood ISO
Motion for Summary Judgment
Docket # 1:20-CV-470-JJM-PAS

to the Court at the hearing for entry of Default Judgment. A true and correct copy of the Affidavit is attached hereto as <u>Exhibit 2</u>.

16. On June 19, 2019, the Providence Superior Court heard and granted Deutsche Bank's Motion for Entry of Default Judgment as to Valdera and New Century Mortgage Corporation Liquidating Trust and issued a Judgment reciting that production of the original Note was made and that Valdera did not file an objection to the Motion for Judgment. A certified and recorded copy of the Judgment is attached hereto as <u>Exhibit 3</u>.

17. According to Korde's CMS, Korde returned the original Note to PHH Mortgage Corporation, as servicer for the Plaintiff, at its West Palm Beach, Florida, offices via Federal Express on October 8, 2019.

18. Korde's CMS further reflects that PHH returned the original Note to Korde's Lowell, Massachusetts office in late January 2022 for the purpose of prosecuting the instant summary judgment motion.

19. On June 29, 2022 I caused the original Note to be pulled from the Firm's original documents file cabinet and examined its contents. The Note contains the wet-ink signatures of all three Plaintiffs and contains a single indorsement in blank by New Century Mortgage Corporation on page 3 of the Note. A true and correct copy of the original Note in the temporary physical custody of Korde is attached here to as <u>Exhibit 4</u>.

Signed under the pains and penalties of perjury this 29th day of June 2022.

Catherine V. Eastwood, Esq.
RIB # 6406

*Valdera et al*
*v.*
*PHH et al.*

Page **5** of 6

*Supp. Affidavit of Catherine Eastwood ISO*
*Motion for Summary Judgment*
*Docket # 1:20-CV-470-JJM-PAS*

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX SS.                                      June 29, 2022

Then personally appeared before me Catherine V. Eastwood who is personally known to me to be the person who signed the foregoing instrument and swore and affirmed to me that the information contained in the foregoing affidavit is true and correct.

Notary Public  Marcus E. Pratt

My Commission Expires:  11/4/2027



**MARCUS E. PRATT**
Notary Public, Commonwealth of Massachusetts
My Commission Expires November 04, 2027

*Valdera et al*
*v.*                          Page 6 of 6
*PHH et al.*

*Supp. Affidavit of Catherine Eastwood ISO*
*Motion for Summary Judgment*
*Docket # 1:20-CV-470-JJM-PAS*