# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JUAN VALDERA, SOBIEDA VALDERA and BAHIJ BOUTROS, Plaintiffs, <br><br> v. <br><br> PHH MORTGAGE CORPORATION and DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR THE REGISTERED HOLDERS OF CBA COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATE, SERIES 2006-1, Defendants. | C.A. No. 20-470-JJM-PAS |

## MEMORANDUM AND ORDER

JOHN J. MCCONNELL, JR., Chief United States District Judge.

Plaintiffs Juan Valdera, Sobieda Valdera, and Bahij Boutros bought a six-unit apartment building funded by a $300,000 loan. They defaulted on the loan, failing to make payments for more than nine years. Defendants Deutsche Bank National Trust Company as Trustee for the Registered Holders of CBA Commercial Mortgage Pass-Through Certificate, Series 2006-1 ("Deutsche Bank"), as holder of the mortgage, and PHH Mortgage Corporation ("PHH"), as Deutsche Bank's servicer, pursued foreclosure against Plaintiffs, giving them the opportunity to respond to Defendants' points of law and fact with their disputes about the debt owed and Deutsche Bank's status as note holder. After Defendants noticed a second foreclosure sale, Plaintiffs filed this lawsuit and a motion for a Temporary Restraining Order to stop the

foreclosure, which the Court granted.  Discovery followed and now Defendants move for summary judgment on all claims.  ECF No. 20.

## I.   BACKGROUND

Plaintiffs bought a six-unit apartment building at 273-275 Rand Street in Central Falls, Rhode Island in 2005.  They took out a $300,000 loan from New Century Mortgage Corporation, executing a promissory Note and Mortgage. Plaintiffs signed the loan application indicating that the loan was for "investment purposes" and also each signed an "Affidavit of Commercial Purpose", confirming that the loan was for commercial purposes not for personal, family, or consumer purposes. Plaintiffs assert that they signed so many documents at the closing that they did not understand they were affirming the loan's commercial purpose and insist that they indicated throughout the process that they intended to live in the property.

In November 2016, Deutsche Bank filed suit in Providence Superior Court against Plaintiffs and the New Century Liquidating Trust, seeking judgment declaring it to be the holder of the mortgage.  That court issued the judgment in July 2019.

In the meantime, Deutsche Bank referred the loan to local counsel to initiate foreclosure as the loan had been delinquent since October 2012.  The process was cut short when Sobieda Valdera filed a Chapter 7 bankruptcy petition two days before the foreclosure was scheduled.  In February 2020, Deutsche Bank got relief from the automatic stay from the Bankruptcy Court and issued a Foreclosure Counseling

Notice and a Notice of Sale pursuant to state law with the sale to be held on September 10, 2020.

The parties met and conferred by letter in order to discuss their disputes over the pending foreclosure with Deutsche Bank responding to Plaintiffs' issues in September 2020. The Court assumes that there was no resolution as Deutsche Bank noticed a new sale date of November 4, 2020. Plaintiffs filed this suit the day before the sale and obtained a temporary restraining order, leading Deutsche Bank to cancel the foreclosure sale. Plaintiffs have not paid the mortgage since 2012 and Defendants have paid more than $166,000 to maintain the property's taxes and insurance. Defendants move for summary judgment on all claims.

## II.   STANDARD OF REVIEW

Fed. R. Civ. P. 56 controls in deciding whether a party is entitled to summary judgment. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. More particularly,

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When deciding whether the Court should grant summary judgment, the Court must "view the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor." *Barbour v. Dynamics Rsch. Corp.*, 63 F.3d 32, 36 (1st Cir. 1995).

As alluded to, there must first be no genuine issues of material fact. "[M]ere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) (emphasis in original). Thus, the issue must be genuine and material. *See id.* "In this context, 'genuine' means that the evidence about the fact is such that a reasonable jury could resolve the point in favor of the nonmoving party. . . . '[M]aterial' means that the fact is one that might affect the outcome of the suit under the governing law." *Morris v. Gov't Dev. Bank of P. R.*, 27 F.3d 746, 748 (1st Cir. 1994) (citations omitted) (internal quotation marks omitted).

Additionally, the moving party must be entitled to judgment as a matter of law. The moving party is "entitled to a judgment as a matter of law [if] the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323 (1986). The Court decides this latter element of the summary judgment standard by evaluating "whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed." *Anderson*, 477 U.S. at 252 (1986) (alteration in original) (emphasis in original) (internal quotation marks omitted).

## III.   DISCUSSION

Plaintiffs bring five counts in their complaint: Count I is against Deutsche Bank only and seeks declaratory judgment that the Note is not negotiable and

Deutsche Bank does not own the loan so cannot foreclose; Count II is for a violation of R.I. Gen. Laws § 34-27-3.1 for failure to provide a Notice of Foreclosure Counseling prior to noticing the foreclosure; Count III is for breach of contract and breach of the covenant of good faith and fair dealing; Count IV is against PHH only and is for a violation of the Fair Debt Collections Act; and Count V is for injunctive relief. PHH and Deutsche Bank move for summary judgment on all five counts in the Complaint.

### A. Count I – Declaratory Judgment (Deutsche Bank)

In this claim, Plaintiffs seek a declaratory judgment holding that the Note was not a negotiable instrument and Deutsche Bank lacked authority to exercise the statutory power of sale because it was not the owner of the Note.

#### 1. The Note is a Negotiable Instrument

Although Plaintiffs make several allegations about the meaning and import of some provisions of the Note and cite some out-of-circuit cases that are marginally relevant, the Court is not convinced that there are disputed material facts about whether the Note in this case is a negotiable instrument. According to R.I. Gen. Laws § 6A-3-104, a negotiable instrument means an "unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order." The Note's language clearly and unambiguously tracks the statutory language.

Plaintiffs further allege that the Note is not negotiable because it contains statements about "other undertaking[s] or instruction[s]" in contravention to § 6A-3-104 such as noting a variable interest rate and so the amount due under the Note

5

cannot be determined by reviewing it, references other writings that make the promise conditional, including subparagraphs such as "adverse change", "insecurity" and "other charges" that destroy negotiability. Deutsche Bank cites to other statutes refuting Plaintiffs' claims that these additurs make the Note non-negotiable.

The Court agrees with Deutsche Bank. First, R.I. Gen. Laws § 6A-3-112(b) provides that inclusion of an interest rate does not affect negotiability, noting that "[i]f any instrument provides for interest, but the amount of interest payable cannot be ascertained from the description, interest is payable at the judgment rate in effect at the place of payment of the instrument and at the time interest first accrues." Second, regarding the Note's subparagraphs in the Default section, R.I. Gen. Laws § 6A-3-106(a) states that "[a] reference to another writing does not of itself make the promise or order conditional." This is true where, as here, none of the paragraphs that Plaintiffs identify affect what they owe on the Note. Finally, R.I. Gen. Laws §§ 6A-1-309 and 6A-3-104 expressly authorize "adverse change" and "insecurity" provisions and contemplate other charges (such as attorney's fees and costs) as being appropriate for inclusion in the Note. In short, none of the provisions in the Note that Plaintiffs raise destroy negotiability according to Rhode Island statute.

### 2. Deutsche Bank has Authority to Foreclose

Now that the Court has determined that Plaintiffs identified any evidence showing that there is a dispute over the negotiability of the Note, it turns to their next assertion that Deutsche Bank lacked authority to foreclose because it is not the holder of the Note.

According to Rhode Island law, a "holder" is "(A) [a] person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." R.I. Gen. Laws § 6A-1-201(b)(21)(A). "When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specifically indorsed." R.I. Gen. Laws § 6A-3-205(b). It is undisputed that New Century indorsed the Note in blank and Deutsche Bank has put forth evidence that it or its designated document custodian is in possession of the Note. *See* ECF Nos. 23, 25, 42 (affidavits from Sergio Olmo and Catherine Eastwood affirming that the original Note contained a single indorsement in blank by New Century.) The Court concludes then that Deutsche Bank is the holder of the instrument.

And in accordance with well settled Rhode Island mortgage precedent, *see Bucci v. Lehman Bros. Bank, FSB*, 68 A.3d 1069, 1088 (R.I. 2013), as holder of the Note and the Mortgage,[1] Deutsche Bank has authority to enforce the statutory power of sale. *See* Restatement (Third) Property (Mortgages) § 5.4(c) at 380 (1997) ("a mortgage may be enforced only by, or on behalf of, a person who is entitled to enforce the obligation the mortgage secures."); *see also Pimental v. Deutsche Bank Nat'l Tr. Co.*, 174 A.3d 740, 745 (R.I. 2017).

Therefore, the Court GRANTS Defendant Deutsche Bank's Motion for Summary Judgment on Count I.

---

[1] As a reminder, it is not disputed that the Providence Superior Court equitably assigned the mortgage in this case to Deutsche Bank as Trustee after Deutsche Bank filed suit against Plaintiffs and New Century.

**B.**   **Count II – Violation of R.I. Gen. Laws § 34-27-3.1[2] (Deutsche Bank)**

In this claim, Plaintiffs seek a declaration that the scheduled foreclosure sale and the notice thereof was "invalid and void" under Rhode Island law because Deutsche Bank did not provide them with a Notice of Foreclosure Counseling within the period of time provided by Rhode Island law.  Plaintiffs also seek attorney's fees and costs.  Defendants move for summary judgment, arguing that the claim is moot because the noticed foreclosure sale was enjoined and that § 34-27-3.1 does not provide for fees and costs.

The Court notes that the record appears to show that Deutsche Bank did provide Plaintiffs with notice in accordance with R.I. Gen. Laws § 34-27-3.1 "[n]o less than forty-five (45) days prior to initiating foreclosure" in this case,[3] ECF No. 24, but agrees that this claim is moot because the Court enjoined the foreclosure sale.  *See* Nov. 4. 2020 Text Order.  Therefore, the Court GRANTS Defendant Deutsche Bank's Motion for Summary Judgment on Count II.

---

[2] This section was repealed by P.L. 2014, ch. 543 § 2, *Ocwen Loan Servicing, LLC v. Medina*, 247 A.3d 140, 143 (R.I. 2021), but the Rhode Island Supreme Court left unresolved the issue of whether § 34-27-3.1 had been revived by a sunset provision.  *Id.* at 144 n. 7.  This Court need not weigh in on this uniquely state law issue especially in light of its disposition of Count II as moot.

[3] Deutsche Bank submitted affidavits indicating that its counsel mailed the Notice of Foreclosure Counseling on May 29, 2020, the forty-five-day period expired on July 13, 2020, and the Notice of Sale was mailed on July 17, 2020.  Therefore. according to this timeline, Deutsche Bank gave the counseling notice not less than forty-five days before issuing the Notice of Sale.

C.     **Count III – Breach of Contract and of the Covenant of Good Faith and Fair Dealing (Deutsche Bank)**

The Court need not say much on Plaintiffs' breach of contract and breach of the covenant of good faith and fair dealing claims. Because the Court has granted summary judgment on Counts I and II, Plaintiffs cannot state a claim for either breach in Count III. It is DISMISSED.

D.     **Count IV – FDCPA (PHH only)**

PHH argues that the FDCPA does not protect Plaintiffs' loan because they signed two documents indicating that the loan was for commercial purposes and so the loan could not be considered a "debt" under the FDCPA. This consumer protection statute defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5).

The documents in the record show that the loan application bearing Plaintiffs' signatures indicated by a checked box that the loan was for an investment (forgoing the boxes for "primary or secondary residences") and the "Affidavits of Commercial Purpose" documents that each Plaintiff signed affirmed that the loan was primarily for business or commercial purposes and that they would "not use the proceeds … for personal, family, or household (consumer) purposes." ECF No. 22 ¶ 9.

In the face of these unambiguous documents, Plaintiffs argue that there are disputes in the record about whether the loan was for personal and family purposes.

They filed an affidavit indicating that they bought the Central Falls property for personal purposes with the intent to live in it as their home. ECF No. 32 ¶¶ 5, 7, 9, 11, 18, 19. Mr. Boutros and Ms. Valdera moved into the first-floor rear unit, Ms. Valdera's son and his wife moved into the first-floor front unit, Juan Valdera (Sobeida Valdera's father) and his wife moved into the third-floor front unit, Ms. Valdera's cousin and his girlfriend moved into the 3rd floor rear unit shortly after the August 1, 2005 closing. *Id.* ¶¶ 13-16. It is unclear what happened with the second floor except that Plaintiffs state that "[t]he two units on the second floor were not occupied by tenants for several months after the closing." *Id.* ¶17. Plaintiffs also affirm that they did not notice that there was a reference to an investment in the loan application and they did not check any boxes on the application, nor did they sign and date the application on the date indicated on the application. *Id.* ¶¶ 28-32. They affirm that nothing was explained to them, and they did not understand that they were signing a document confirming that the loan was for commercial purposes. *Id.* ¶ 34. They affirm that the property was owner occupied. *Id.* ¶ 47. While the Court believes that whether there is a material dispute about the loan was sought for commercial or personal purposes is marginal, it does find that Plaintiffs present a factual issue that this Court should not make on summary judgment.

PHH persists in its argument that summary judgment should enter in spite of this dispute because Plaintiffs fail to identify anywhere in the record how PHH violated the FDCPA. Plaintiffs argue that failure to send the Notice of Foreclosure Counseling before the second Notice of Sale means that PHH violated the FDCPA.

PHH correctly argues, and Plaintiffs seem to acknowledge that R. I. Gen. Laws § 34-27-1 requires a <u>mortgagee</u> to send the Notice of Foreclosure Counseling – in this case, that would be Deutsche Bank, not PHH who was the servicer.   Because Plaintiffs have not identified any conduct by PHH that violated the FDCPA, their claims in Count IV fail and the Court dismisses them.

### E.      Count V – Preliminary Injunction

Plaintiffs seek injunctive relief to stop the foreclosure that was scheduled for November 4, 2020, the day after they filed suit.   To the extent that they still press Count V, the Court notes that a preliminary injunction is not a cause of action, but a remedy.   Moreover, a request for this relief is moot because the foreclosure sale never happened.   The Court dismisses Count V.

## IV.   CONCLUSION

Plaintiffs' complaint fails to state any viable causes of action against Defendants Deutsche Bank and PHH.   Discovery has not elucidated any dispositive disputed issues of material fact and therefore the Court GRANTS their Motion for Summary Judgment.   ECF No. 20.

Defendants also ask the Court to vacate the temporary restraining order and enter judgment in favor of Defendants.   That request is GRANTED; the Court orders the Temporary Restraining Order entered by Text order on November 4, 2020 VACATED and judgment entered in Defendants' favor.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief Judge
United States District Court

August 4, 2022