# UNITED STATES DISTRICT COURT
## DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Juan Valdera, Sobieda Valdera and Bahij Boutros, <br><br>      Plaintiffs, <br><br> v. <br><br> PHH Mortgage Corporation and Deutsche Bank National Trust Company as Trustee for the Registered Holders of CBA Commercial Mortgage Pass-Through Certificate, Series 2006-1, <br><br>      Defendants. | **CASE No. 1:20-CV-00470-JJM-PAS** |

## <u>DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO ALTER OR AMEND THE JUDGMENT PURSUANT TO FRCP 59</u>

Defendants, PHH Mortgage Corporation ("PHH") and Deutsche Bank National Trust Company as Trustee for The Registered Holders of CBA Commercial Assets, Small Balance Commercial Mortgage Pass-Through Certificates, Series 2006-1 ("Deutsche Bank"), hereby oppose Plaintiffs' Motion to Alter or Amend ("Motion to Amend") the Final Judgment of this Court entered on August 5, 2022, granting Defendants' summary judgment on all counts of Plaintiffs' complaint and dissolving the injunction entered on November 4, 2020.

As grounds, Defendants state that (a) as to the Court's finding that the promissory note at issue is a negotiable instrument[1], the Motion to Amend simply repeats arguments made at length by the Plaintiffs in their Objection to Defendants' Motion for Summary Judgment ("MSJ Opposition") (see Document No. 34, pgs. 19 – 34) and for this reason alone the Motion to Amend should be denied; (b) the Court, in any event, did not commit any manifest error of law in concluding that the note is a negotiable instrument and (c) the Plaintiffs' rote recitation in their

---

[1] Memorandum and Order dated August 5, 2022 (document no. 44), page 5 of 12.

Motion to Amend (see pages 14-17) of *allegations* made in their Complaint clearly does not provide a basis for the Court to alter or amend its finding that "Plaintiffs did [not] present any *evidence (emphasis added)* as to any acts of PHH which violated the FDCPA" (Motion to Amend, pg. 14 of 17).[2]

<u>Plaintiffs' Motion to Amend Should be Denied Because It Merely Repeats the Same Arguments Made in Plaintiffs' Opposition to Defendants' Motion for Summary Judgment</u>

The First Circuit Court of Appeals has identified four grounds for granting a Rule 59(e) motion: "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice and an intervening change in controlling law." *Marie v. Allied Home Mortg. Corp.,* 402 F.3d 1, 7 n. 2 (1ˢᵗ Cir. 2005) (citing 11 C. Wright et al., <u>Federal Practice and Procedure,</u> § 2810.1 (2d ed.1995)).

Here, Plaintiffs claim in their Motion to Amend that the Court committed a manifest error of law in finding that the promissory note at issue is a negotiable instrument (Motion to Amend, pgs. 1-14). In so doing, they cite no statutes or cases not already cited in their initial MSJ Opposition and, more importantly, merely repeat the same arguments they made at length (see pgs. 19-34) in their 52-page MSJ Opposition.

The First Circuit has noted that "a party moving for Rule 59(e) relief may not repeat arguments previously made during summary judgment…nor may it present new arguments on a Rule 59(e) if such arguments 'could and should, have been made before judgment issued.'" See *Gill v. Colvin,* C.A. No. 11-462-ML, Memorandum and Order dated April 17, 2013 (D.R.I. 2013) citing *Markel American Ins. Co. v. Diaz-Santiago,* 674 F.3d at 32 (quoting *ACA Fin. Guar. Corp. v. Advest, Inc.,* 512 F.3d 46, 55 (1ˢᵗ Cir. 2008)(internal quotation marks and citation omitted)); see

---

[2] The Court's specific finding on this issue was that "Plaintiffs have not identified any conduct by PHH that violated the FDCPA" (see Memorandum and Order, pg. 11 of 12).

also *Prescott v. Higgins,* 538 F.3d 32, 45 (1st Cir. 2008) ("The repetition of previous arguments is not sufficient to prevail on a Rule 59(e) motion").

Since the Plaintiffs' Motion to Amend merely rehashes arguments already set forth at length in Plaintiffs' MSJ Opposition the Motion to Amend should be denied on this basis alone.

<u>The Court Did Not Commit Any "Manifest Error of Law" In Finding that
the subject Promissory Note is a Negotiable Instrument</u>

Even if the Court looks beyond the Plaintiffs' repetition of the very same arguments they made in their MSJ Opposition and reconsiders the merits of its August 5, 2022 Memorandum and Order, it will find no manifest errors of law.

Plaintiffs' asserted errors of law are essentially two-fold.  First Plaintiffs assert that the Note's reference to various "Events of Default" including "Other Defaults," "Environmental Default," and "False Statements" somehow renders the Plaintiffs' promise to pay the Lender a sum certain as set forth in the note "subject to or governed by another writing."  [See Motion To Amend, pgs. 8-9, "[t]his note does not merely reference documents and obligations, but instead imposes those obligations as part of the obligations in the note."  Plaintiffs make the related arguments that "any reference to related documents or agreements renders the note conditional and requires reference to a document which is not the promissory note" in order to determine if Plaintiffs have defaulted on their promise under the note to pay the Lender a sum certain [see Motion to Amend, pg. 9, last two sentences].

Curiously, Plaintiffs make these arguments in the Motion to Amend immediately after citing the controlling provisions of R.I.G.L. § 6A-3-106(a) which expressly contradict the Plaintiffs' arguments.  In relevant part, § 6A-3-106(a) states that "a promise or order is unconditional unless it states (i) an express condition to payment, (ii) that the promise or order *is subject to or governed by another writing (emphasis added),* or (iii) that rights or obligations with

respect to the promise or order are stated in another writing.  *A reference to another writing does not of itself make the promise or order conditional (emphasis added).*"  This last sentence directly refutes Plaintiffs' contention that references to other documents and agreements in the "Default" provisions of the note renders the note conditional.  Moreover, Plaintiffs do not identify any provision in the Note be it in the enumerated Events of Default or otherwise that states that the Plaintiffs' promise or order to pay the Lender a sum certain is "subject to or governed by another writing."  Finally, Plaintiffs do not identify anywhere in the Note either an express condition to payment or a statement that rights or obligations *with respect to the payment or order* are stated in another writing.  Rather, the Plaintiffs' obligations with respect to their promise to pay lender a sum certain are wholly contained in the Note; the Note contains no reference to any writing containing any rights, conditions or obligations governing or affecting that promise.

Second, the Plaintiffs argue that the Note contains additional undertakings or instructions not authorized under R.I.G.L. § 6A-3-104.  Specifically, Plaintiffs point to "Death or Insolvency" and ."Creditor or Forfeiture Proceedings" provisions under "Events of Default" enumerated in the Note as additional, impermissible undertakings (Motion to Amend, pgs. 11-12) notwithstanding that the statute expressly provides that a negotiable instrument may properly contain "(i) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of the obligor"  See §6A-3-104(3). A      As set forth in Defendants' Memorandum of Law filed in support of their motion for summary judgment [document no. 20-1, pgs. 12 and 13) the "Creditor or Forfeiture Proceedings" provision is clearly an undertaking to give, maintain and/or protect the Lender's collateral against adverse action by another creditor.  The provision identifies the commencement

of foreclosure or forfeiture proceedings against any collateral securing the loan as an Event of Default under the Note.  To the extent that this constitutes an "undertaking" at all within the meaning of § 6A-3-104, it is clearly one designed to maintain and/or protect Lender's collateral since foreclosure or forfeiture by another creditor or governmental agency could extinguish the Lender's interest in its collateral.  The Borrower is afforded the option of avoiding the advent of foreclosure or forfeiture proceedings by another creditor or governmental agency as constituting an Event of Default by depositing monies with or posting a bond for the benefit of the Lender in such amount as the Lender deems adequate for the preservation of its interests in the collateral. The foregoing falls comfortably within the ambit of an undertaking to give, maintain or protect collateral under §6A-3-104(a)(3)(i).

The "Death or Insolvency" subparagraph identifies various occurrences as additional "events of default" under the Note such as the death or insolvency of the Borrower, the appointment of a receiver for any of the Borrower's property, an assignment for the benefit of creditors or the commencement of any insolvency or bankruptcy proceedings by or against the borrower.  As with the Creditor or Forfeiture Proceedings subparagraph, nothing contained in the Death or Insolvency provision conditions or impacts the Plaintiffs' promise to pay a fixed amount of money.

Generally, the paragraph is fairly characterized as an undertaking to maintain and protect the Lender's collateral in that insolvency or bankruptcy proceedings could pose a threat to the Lender's interest in such collateral in the form of a cramdown, trustee or debtor-in-possession's sale of collateral free and clear of liens, or any number of other provisions adverse to the Lender and contained in a plan of reorganization confirmed over the Lender's objection.  The same can be said of death or dissolution of the debtor, appointment of a receiver or assignment for the benefit

of creditor events in that each poses a threat to the ability of the Borrower or his successors to maintain the collateral.  Here, the importance of maintaining a six-unit, residential apartment building cannot be overstated from the Lender's perspective.  No Lender wants to inherit a dilapidated residential apartment building rife with code violations and the costs associated with remediating such conditions.  The insolvency and bankruptcy provisions are also properly construed as a waiver of laws intended for the benefit or advantage of the Borrower and therefore expressly authorized by R.I.G.L. § 6A-3-104 (3)(iii).

Quite simply, the Court did not commit any manifest error of law in finding that the note at issue is a negotiable instrument since the note does not make the promise to pay a sum certain to the Lender *subject to or governed by* the terms of any other instrument referred to in the note and because the note does not contain any impermissible undertakings in addition to the promise to pay Lender a sum certain.

<u>The Court did Not Commit Any Manifest Error of Law in Finding that Plaintiffs
Have Not Identified Any Conduct by PHH that violated the FDCPA</u>

Plaintiffs claim that the Court committed manifest error in finding that "Plaintiffs did [not] present any evidence as to any acts of PHH which violated the FDCPA" [Motion to Amend, pg. 14] [see Memorandum and Order dated August 5, 2022, pg. 11 of 12, lines 4 and 5:"[b]ecause Plaintiffs have not identified any conduct by PHH that violated the FDCPA, their claims in Count IV fail…"].

As a basis for this contention, Plaintiffs merely repeat paragraphs 69-82 of their Complaint. First, to state the obvious, these are mere allegations and not "evidence."  Second, the allegations in these numbered paragraphs, with the exception of paragraphs 71 and 72, are all conclusory in nature and contain no predicate facts to support the conclusions of law espoused therein.  Paragraph 71 infers that PHH, the servicer, and not Deutsche Bank, noticed a mortgagee's sale of real estate

for November 3, 2020 by letter dated September 11, 2020.   There is nothing in the summary judgment record, however, that substantiates this assertion.   In fact, just the opposite is true. Copies of the letters dated September 11, 2020 as well as the copy of the Mortgagee's Sale notice destined for publication and referenced in and included with such letters do not make any reference to PHH [see Exhibit C to the Plaintiffs' Complaint].   Both documents reference the "Holder of the Mortgage," not PHH.   And there is no dispute here that Deutsche Bank, not PHH, was and remains the holder of the mortgage at issue.   Further, and as addressed in the Court's Memorandum and Order, the Plaintiffs' suggestion/argument in paragraph no. 72 that PHH had a duty to send the Notice of Foreclosure Counseling in advance of the November 3, 2020 sale date is simply incorrect.   R.I.G.L. § 34-27-3.1 squarely places the responsibility for sending the Notice of Foreclosure Counseling on the mortgagee, not the servicer.   See Memorandum and Order dated August 5, 2022, pgs. 10 and 11.

Conclusion

The Plaintiffs' mere repetition of arguments they made in their MSJ Opposition cannot serve as grounds for a Rule 59(e) motion under established First Circuit precedent and the Plaintiffs' Motion to Amend should be denied on that basis alone.   Even if the Plaintiffs' Motion to Amend is considered on its merits, the Plaintiffs have failed to demonstrate that the Court committed any manifest error of law in finding that (a) the subject promissory note is a negotiable instrument and (b) that PHH did not violate any of the provisions of the FDCPA.   Accordingly, the Plaintiffs' Motion to Amend should be denied.

Date: September 15, 2022

Respectfully submitted,
PHH Mortgage Corporation and Deutsche Bank National Trust Company as Trustee for The Registered Holders of CBA Commercial Assets, Small Balance Commercial Mortgage Pass-Through Certificates, Series 2006-1, By their attorney,

/s/     John S. McNicholas
John S. McNicholas, Esq. RIB # 8732
Korde & Associates, P.C.
900 Chelmsford Street, Suite 3102
Lowell, MA 01851
(978) 256-1500 (ext. 26203)
jmcnicholas@kordeassociates.com

## CERTIFICATE OF SERVICE

I hereby certify that this document was filed through the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent to those indicated as non-registered participants via first class mail on September 15, 2022.

*The document electronically filed and served is available for viewing and/or downloading from the United States District Court's Electronic Filing System.*

/s/     John S. McNicholas
John S. McNicholas, Esq. RIB # 8732